Joseph H. Lessem (JL 1522)
GRAUBARD MILLER
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 818-8800
jlessem@graubard.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
JAMES RUSSO,                                                 :   07 Civ. 5469 (WHP)
                                                             :
                    Plaintiff,                               :   **ANSWER OF**
                                                             :   **DEFENDANT**
            - against -                                      :   **MP 222 LLC**
                                                             :
MP 222 LLC, 222 EAST 95TH STREET                             :
OWNERS CORP., COMMISSIONER OF SOCIAL                         :
SERVICES OF THE CITY OF NEW YORK,                            :
NEW YORK STATE DEPARTMENT OF                                 :
TAXATION AND FINANCE, MERRILL LYNCH                          :
CREDIT CORPORATION and INTERNAL                              :
REVENUE SERVICE OF THE UNITED STATES                         :   Defendant Demands Trial by Jury
OF AMERICA.                                                  :
                                                             :
                    Defendants.                              :
                                                             :
------------------------------------------------------------ x

    Defendant MP 222 LLC ("MP 222") answers the complaint of defendant James Russo as follows:

    1.    Lacks knowledge sufficient to form a belief as to the truth of the averments of paragraph 1 of the complaint except admits that a person calling himself James Russo purports to be the owner of the shares of the cooperative corporation and the lessee under the proprietary lease applicable to Units 1, 2, 3 and 4 of the building at 222 East 95th Street, New York, New York (the "Units").

176016.1

2. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the complaint except admits that MP 222 entered into a contract to purchase the Units (the "Contract") and paid the sum of $2,000 as a down payment.

3. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the complaint except admits that MP 222 caused a title search, including a judgment and lien search, to be conducted with respect to the Units and the person purporting to be the owner thereof, and further admits that a written report of the results of such search was prepared (the "Report").

4. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

5. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

6. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

7. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

8. Admits that, at the present time, MP 222 is prepared to consummate the purchase of the Units, notwithstanding the seller's default under the Contract, provided that MP 222 can do

so free and clear of any liens, judgment or other encumbrances, and otherwise denies the averments of paragraph 8 of the complaint.

9. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the complaint.

10. Denies the averments of paragraph 10 of the complaint.

11. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the complaint.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the complaint.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the complaint.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the complaint.

15. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 of the complaint.

16. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

17. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the complaint.

18. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

19. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 of the complaint.

20. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

21. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

22. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

23. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the complaint.

24. Declines to respond to paragraph 24 of the complaint as said paragraph contains no averments of fact.

WHEREFORE, defendant MP 222 LLC demands judgment as follows:

A. Any declaratory judgment that that the Court may enter shall <u>not</u> require MP 222 to purchase the Units, as the seller of such Units is presently in default of the Contract.

B. An award of the costs and disbursements of this action, including MP 222's reasonable legal fees and expenses; and

      C.  Such other and further relief as the Court deems just and appropriate.

Dated: New York, NY
       July 23, 2007

GRAUBARD MILLER

By: _____
    Joseph H. Lessem (JL 1522)

The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 818-8800
jlessem@graubard.com

Attorneys for Defendant MP 222 LLC

--176016.1      5

## CERTIFICATE OF SERVICE

I certify that on July 23, 2007, I caused the foregoing ANSWER OF DEFENDANT MP222 LLC and DEMAND FOR JURY to be served on the counsel and parties listed below by first class mail.

Dated: July 23, 2007

_____
JOSEPH H. LESSEM

AGINS, SIEGEL & REINER, LLP
Attorneys for Plaintiff
368 Park Avenue South
Suite 1200
New York, NY 10016

FRIEDBERG COHEN COLEMAN
       & PINKAS, LLP
Attorneys for Defendant
       222 East 95th Owners Corp.
444 Madison Avenue
Suite 805
New York, NY 10022

OFFICE OF THE ATTORNEY GENERAL
Attorney for Defendant New York State
       Department of Taxation and Finance
120 Broadway
New York, NY 10271

KATHLEEN ANN ZEBROWSKI, ESQ.
Attorney for Defendant Internal Revenue
       Service of United States of America
United States Attorney's Office
Southern District of New York
86 Chambers Street
New York, NY 10007

OFFICE OF CORPORATION COUNSEL
Attorney for Defendants Commissioner of
       Social Services and New York City
       Department of Finance
100 Church Street
New York, NY 10007

MERRILL LYNCH CREDIT CORP.
300 Leadenhall Road
Mt. Laurel, NJ 08054

176356.1