MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2710
FAX No.: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JAMES RUSSO,
:
                 Plaintiff,                   ANSWER,
:            COUNTERCLAIM,
     - against -                        CROSSCLAIM AND
:            THIRD-PARTY
MP222 LLC, 222 EAST 95th STREET             COMPLAINT
OWNERS CORP., COMMISSIONER OF SOCIAL
SERVICES OF THE CITY OF NEW YORK, NEW    :  07 Civ. 5469 (WHP)
YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, NEW YORK CITY DEPARTMENT :
OF FINANCE, MERRILL LYNCH CREDIT
CORPORATION and the INTERNAL REVENUE   :
SERVICE OF THE UNITED STATES OF AMERICA,
:
                 Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,               :

                 Counterclaim, Crossclaim  :
                 and Third-Party Plaintiff,

:
     - against -
:
JAMES RUSSO,
:
                 Counterclaim Defendant.
:
     -and-
:
MP222 LLC, 222 EAST 95th STREET
OWNERS CORP., COMMISSIONER OF SOCIAL    :
SERVICES OF THE CITY OF NEW YORK, NEW
YORK STATE DEPARTMENT OF TAXATION     :

| | |
|---|---|
| AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE, MERRILL LYNCH CREDIT CORPORATION, | : |
| | : |
| Crossclaim Defendants, | |
| | : |
| and | |
| | : |
| JAMES A. RUSSO, JOHN DOES NOS. 1-10 and JANE DOES NOS. 1-10, | : |
| Third-Party Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

The Defendant, the United States Internal Revenue Service (the "United States" or the "defendant"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint and states its counterclaim, crossclaim and third-party complaint on information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17. The allegations contained in paragraph 17 of the complaint are plaintiff's characterization of letters from the IRS regarding tax years 2003, 2004 and 2005 to which no answer is required. To the extent an answer is deemed necessary, defendant denies the

allegations, and respectfully refers the Court to the letters and transcripts for a true and accurate statement as to their contents.

    18.  Denies the allegations in paragraph 18.

    19.  The allegations contained in paragraph 19 of the complaint are plaintiff's characterization of a letter dated September 25, 2006, from the IRS to plaintiff to which no answer is required. To the extent an answer is deemed necessary, defendant denies the allegations, and respectfully refers the Court to the September 25, 2006 letter for a true and accurate statement as to its contents.

    20.  The allegations contained in paragraph 20 (a), (b), (c), (d), (e), (f) and (g) of the complaint are plaintiff's characterization of various judgments to which no answer is required. To the extent an answer is deemed necessary, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, and respectfully refers the Court to the judgments for a true and accurate statement as to their contents.

    21.  The allegations contained in paragraph 21 of the complaint are plaintiff's characterization of the federal tax lien to which no answer is required. To the extent an answer is deemed necessary, defendant denies the allegations, and respectfully refers the Court to the tax lien for a for a true and accurate statement as to its contents.

    22.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint.

    23.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 (a), (b), (c), (d), (e) and (f) of the complaint.

    24.  The allegations contained in paragraph 24 of the complaint state plaintiff's demand to which no answer is required. To the extent an answer is deemed necessary, defendant

denies the allegations.

FIRST AFFIRMATIVE DEFENSE

25. Plaintiff fails to state a claim against the United States upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

26. Pursuant to 28 U.S.C. § 2201, plaintiff is barred from seeking a declaratory judgment in a case involving federal tax matters.

THIRD-PARTY COMPLAINT AGAINST JAMES A. RUSSO<br>AND JOHN DOES NOS. 1-10 AND JANE DOES NOS. 1-10

A. INTRODUCTION

27. This third-party complaint is brought by the United States of America, on behalf of the Internal Revenue Service (the "IRS"), (a) to reduce to judgment assessment of the federal tax liabilities of third-party defendant James A. Russo ("James A. Russo") for unpaid taxes, penalties, and interest provided by law, and (b) to foreclose on tax liens upon personal property held in the name of plaintiff-counterclaim defendant James Russo ("James Russo"), as a nominee for James A. Russo, namely personal property consisting of 1046 shares of common stock in 222 East 95th Street Owners Corp, representing an interest in apartments 1, 2, 3 and 4 located at 222 East 95th Street, New York, New York, 10128 (collectively the "Apartments").

28. This third-party complaint has been authorized and requested by a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States pursuant to the provisions of 26 U.S.C. §§ 7401, 7402 and 7403, as amended.

29. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

30. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1396.

31. James A. Russo is a natural person whose last known address is 8609 158th Avenue, Howard Beach, New York, 11414. James A. Russo currently owns 1046 shares of common stock in 222 East 95th Street Owners Corp., representing an interest in 222 East 95th Street Owners Corp. and four cooperation apartments located at 222 East 95th Street in New York City, to which James A. Russo is the true holder of proprietary leases (all of James A. Russo's rights, title and interest in 222 East 95th Street Owners Corp. and the apartments to which he holds leases shall be referred to as the "Apartments").

B.   FIRST CLAIM FOR RELIEF – REDUCING ASSESSMENTS TO JUDGMENT

32. The allegations in paragraphs 27 through 31 are repeated and realleged as thought set forth fully herein.

33. On the dates indicated below, a duly authorized delegate of the Secretary of the Treasury made assessments and filed Notices of Federal Tax Lien in accordance with Internal Revenue Code §6323(f) and the New York Lien Law § 240(2)(b) (McKinney 2004), against James A. Russo for deficiencies in the payment of his federal income taxes as follows:

| Tax Period | Date of Assessment | Amount of Assessment[1] | Notice of Federal Tax Lien |
|---|---|---|---|
| 1997 | December 19, 2005 | $16,476.11 | March 29, 2007 |
| 1999 | January 9, 2006 | $44,470.08 | November 15, 2006 |
| 2000 | November 28, 2005 | $169,177.20 | March 29, 2007 |
| 2001 | December 5, 2005 | $163,025.70 | March 29, 2007 |

---

[1] The listed amounts are the amounts due and owing, including statutory accruals, as of December 25, 2006.

| | | | |
|---|---|---|---|
| 2002 | February 6, 2006 | $242,979.67 | November 15, 2006 |
| 2003 | November 29, 2004 | $120,308.72 | November 15, 2006 |
| 2004 | February 13, 2006 | $265,151.33 | November 15, 2006 |

34.     On the dates indicated below, a duly authorized delegate of the Secretary of the Treasury made assessments and filed Notices of Federal Tax Lien in accordance with Internal Revenue Code §6323(f) and the New York Lien Law § 240(2)(b) (McKinney 2004), against James A. Russo for penalties as follows:

| Tax Period | Date of Assessment | Amount of Assessment[2] | Notice of Federal Tax Lien |
|---|---|---|---|
| September 2003 | July 17, 2006 | $23,080.46 | November 15, 2006 |
| December 2003 | July 17, 2006 | $19,739.51 | November 15, 2006 |
| March 2004 | July 17, 2006 | $14,108.12 | November 15, 2006 |
| June 2004 | July 17, 2006 | $17,248.05 | November 15, 2006 |
| September 2004 | July 17, 2006 | $15,508.55 | November 15, 2006 |
| December 2004 | July 17, 2006 | $22,587.71 | November 15, 2006 |

35.     On or about the dates of assessment set forth in paragraphs 33 and 34, the IRS issued notices of assessment and demands for payment to James A. Russo. Despite the notices of assessment and demands for payment described in paragraphs 33, 34 and 35, James A. Russo failed to pay the assessed sums, and remains liable to the United States for unpaid federal income taxes for the tax periods 1997, 1999, 2000, 2001, 2002, 2003 and 2004, and for penalties for 2003 and 2004, and for statutory interest, as well as additions and penalties, in the total amount of $1,133,861.27 as of December 25, 2006, plus statutory interest and additions that

---

[2] The listed amounts are the amounts due and owing, including statutory accruals, as of December 25, 2006.

accrue after that date. Statutory interest and additions continue to accrue on this amount according to law.

36. James A. Russo has refused to cooperate in all the final settlement of his accounts. The IRS has exhausted all administrative remedies in attempting to collect the amounts due.

37. By this action, the United States seeks to reduce the aforementioned tax assessments to judgment.

C.   FORECLOSURE

38. The allegations of paragraphs 27 through 37 hereof are repeated and realleged as though fully set forth herein.

39. By reason of the assessments described in paragraphs 34 and 35, and pursuant to 26 U.S.C. § 6321 and 6322, federal tax liens arose of the dates of the assessment in favor of the United States upon all property and right to property of James A. Russo.

40. The federal tax liens arising in favor of the United States attached to all property or rights to property that James A. Russo owned as of the date of filing. By this action the United States seeks to foreclose its tax liens against property owned by James A. Russo, including property held by James Russo, as nominee of James A. Russo, as of the dates those liens were filed, specifically the Apartments, as well as the proprietary leases on the Apartments.

41. James A. Russo has owned the Apartments, and proprietary leases to the Apartments, from August 19, 2003, to the present. The Apartments constitute property or rights to property of James A. Russo.

42. On November 15, 2006 and April 10, 2007, the IRS filed Nominee Liens

against James Russo, as nominee of James A. Russo, in the New York County Clerk's Office, for the deficiencies listed in paragraphs 33 and 34 (the "Apartment Liens"). As of December 25, 2006, the unpaid balance subject to these liens was $1,133,861.27.

43. The Apartment Liens remain in force and attached to the Apartments as property or rights to property of James A. Russo. The total amount of the Apartments Liens attached to the Apartments for tax periods listed in paragraphs 33 and 34 was $1,133,861.27 as of December 25, 2007. Statutory interest and additions will continue to accrue according to law.

44. The federal tax liens against all property and rights to property of James A. Russo attached to the Apartments on the date on which the various assessments were made and have remained attached to the Apartments from those dates to the present.

45. John Does Nos. 1-10 and Jane Does Nos. 1-10 may be persons or parties in possession of, having or claiming an interest in or lien on the premises.

46. On information and belief, with the exception of the counterclaim and crossclaim defendants named herein, no other person or entity has an interest in the Apartments.

47. No other action has been commenced at law or otherwise for the recovery of his sum or any part thereof.

### COUNTERCLAIM AGAINST JAMES RUSSO

48. The allegations of paragraphs 27 through 47 hereof are repeated and realleged as though fully set forth herein.

49. James Russo is named a party defendant herein because he may have or claim an interest in or lien on the Apartments.

CROSSCLAIMS AGAINST DEFENDANTS MP222 LLC, 222 EAST 95th
STREET OWNERS CORP., COMMISSIONER OF SOCIAL SERVICES OF
THE CITY OF NEW YORK, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF
FINANCE, AND MERRILL LYNCH CREDIT CORPORATION

50. The allegations of paragraphs 27 through 49 hereof are repeated and realleged as though fully set forth herein.

51. Defendant MP222 LLC is a named party defendant herein because it may have or claim to have an interest in or lien on the Apartments.

52. Defendant 222 East 95th Street Owners is a named party defendant herein because it may have or claim to have an interest in or lien on the Apartments under its bylaws.

53. Defendant Commissioner of Social Services of the City of New York is a named party defendant herein because it may have or claim to have an interest in or lien on the Apartments.

54. Defendant New York State Department of Taxation and Finance is a named party defendant herein because it may have or claim to have an interest in or lien on the Apartments.

55. Defendant New York City Department of Finance is a named party defendant herein because it may have or claim to have an interest in or lien on the Apartments.

56. Defendant Merrill Lynch Credit Corporation is a named party defendant herein because it may have or claim to have an interest in or lien on the Apartments.

WHEREFORE, plaintiff the United States demands judgment:

(a) reducing to judgment James A. Russo's assessed tax liabilities as described in paragraphs 34 and 35, supra, which as of December 25, 2006, totaled $1,133,861.27 including taxes, statutory interest, fees, additions, and penalties, plus statutory interest and additions

accruing thereon from December 25, 2006, according to law, less any payment made;

      (b) declaring that any interest or claimed interest of James A. Russo, James Russo, MP222 LLC, 222 East 95th Street Owners Corp., Commissioner of Social Services of the City of New York, New York State Department of Taxation and Finance, New York City Department of Finance, Merrill Lynch Credit Corporation in the Apartments is subject to valid and subsisting federal tax liens;

      (c) declaring that the defendants, including counterclaim, crossclaim and third-party defendants, and all other persons whose interest in the Apartments is subordinate to or recorded after the attachment of the government's liens be forever barred and foreclosed from all right, title, claim, lien or other interest in the Apartments;

      (d) directing foreclosure of the IRS tax lien upon the Apartments and sale of the Apartments by the United States Marshal or his representative, pursuant to 28 U.S.C. §§ 2001 and 2004, with the proceeds to be applied to the debt due plaintiff under the Apartments Liens, together with interest to the date of payment, plus costs and disbursements of this action;

      (e) directing that any current occupants of the Apartments vacate them on or before the date of foreclosure upon the liens; and

      (f) granting the United States its costs, disbursements, and such further relief against defendants as the Court may deem just and proper.

Dated: New York, New York
       July 23, 2007

            MICHAEL J. GARCIA
            United States Attorney for the
            Southern District of New York
            Attorney for the United States
            of America

By:    /s/ Kathleen A. Zebrowski
      KATHLEEN A. ZEBROWSKI
      Assistant United States Attorney
      86 Chambers Street
      New York, New York  10007
      Telephone No.:  (212) 637-2717
      FAX No.: (212) 637-2717

To: (by first-class mail)

Richard Agins, Esq.
Agins, Siegel & Reiner, LLP
386 Park Avenue South
New York, New York 10016-8804

MP222 LLC, c/o Michael Porges
56 Cornwall lane
Port Washington, New York 11050

222 East 95^H Street Owenrs Corp.
222 East 95TH Street
New York, New York 10128

222 East 95^h Street Owners Corp.
c/o REFCO Management Co., Inc.
2 Rocky Trl
Wurtsboro, New York 12790

Commissioner of Social Services of the City of New York
180 Water Street
New York, New York 10018

New York State Department of Taxation and Finance
80-02 Kew Gardens Road
Kew Gardens, New York 11425

New York City Department of Finance
Tax Compliance Division
59 Maiden Lane, New York, New York 10038

Merrill Lynch Credit Corporation
300 Leadenhall Road
Mt. Laurel, New Jersey 08054