UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                                                       :

JAMES RUSSO,                                          07 Civ. 5469 (WHP)
                                                                                       :

                        Plaintiff,                        **ANSWER OF DEFENDANT**
                                                                            :   **222 EAST 95TH OWNERS CORP.**

                  - against -
                                                                                       :

MP 222 LLC, 222 EAST 95TH STREET
OWNERS CORP., COMMISSIONER OF SOCIAL    :
SERVICES OF THE CITY OF NEW YORK,
NEW YORK STATE DEPARTMENT OF                 :
TAXATION AND FINANCE, MERRILL LYNCH
CREDIT CORPORATION and INTERNAL           :   Defendant Demands Trial by Jury
REVENUE SERVICE OF THE UNITED STATES
OF AMERICA.                                                  :

                        Defendants.                    :

------------------------------------------------------------ x

        Defendant 222 East 95th Owners Corp. (the "Co-op"), sued herein as "222 East 95th Street Owners Corp.," answers the complaint of defendant James Russo as follows:

        1.    Lacks knowledge sufficient to form a belief as to the truth of the averments of paragraph 1 of the complaint except admits that a person named James Russo is the owner of the shares of the Co-op and is the lessee under the proprietary lease applicable to Units 1, 2, 3 and 4 (the Units") of the building at 222 East 95th Street, New York, New York (the "Property").

        2.    Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2.

        3.    Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the complaint, except respectfully refers the Court to the Report (as said term is defined in the complaint) for the contents thereof.

    4.    Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the complaint.

    5.    Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

    6.    Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

    7.    Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

    8.    Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the complaint.

    9.    Admits that the Co-op requires its tenant shareholders to remove any liens against the Property and otherwise denies the averments of paragraph 9 of the complaint.

    10.    Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the complaint.

    11.    Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the complaint.

    12.    Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the complaint.

    13.    Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the complaint.

14. Admits that the Co-op, through its managing agent, issues mortgage interest real estate tax statements with respect to the Property to each of the unit owners and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the complaint.

15. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 of the complaint.

16. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

17. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the complaint.

18. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

19. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 of the complaint.

20. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

21. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

22. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the complaint, except respectfully refers the Court to the Report for the contents thereof.

23. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the complaint.

24. Declines to respond to paragraph 24 of the complaint as said paragraph contains no averments of fact.

WHEREFORE, defendant 222 East 95th Owners Corp. demands judgment as follows:

A. That any declaratory judgment that that the Court may enter shall <u>not</u> impair the rights of defendant 222 East 95th Owners Corp.

B. An award of the costs and disbursements of this action, including defendant 222 East 95th Owners Corp.'s reasonable legal fees and expenses; and

C. Such other and further relief as the Court deems just and appropriate.

Dated: New York, NY
July 23, 2007

> FREIDBERG COHEN
> COLEMAN & PINKAS, LLP
>
> _____
> John A. Coleman, Jr. (JC-7697)
> 444 Madison Avenue, Suite 805
> New York, New York 10022
> (212) 829-9090
>
> Attorneys for Defendant-Counterclaim
> Plaintiff and Third Party Plaintiff
> 222 East 95th Owners Corp.