# AGINS, SIEGEL, REINER & BOUKLAS, LLP

## Attorneys-at-Law

Richard C. Agins
Irwin Siegel
Glenn A. Reiner
Philip V. Bouklas

Richard H. Del Valle
Jason D. Boroff
Jessica I. Karyo
Brian M. Hasher
Rachel Nataneli

386 PARK AVENUE SOUTH
NEW YORK, NEW YORK 10016-8804
(212) 447-5599
Fax (212) 447-5549

BY APPOINTMENT ONLY
200 GARDEN CITY PLAZA
GARDEN CITY, NEW YORK 11530

Carl D. Bernstein
Solomon J. Freedman
William Slivka
Richard G. Kaufman
Charles M. Newman
Counsel

WWW.ASRBLAW.COM

January 22, 2008

VIA FAX

Hon. William H. Pauley III
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2210
New York, New York 10007

*[Handwritten annotation: This Court will hold a conference in Courtroom 11D on February 1, 2008 at 10:00 a.m.*

**SO ORDERED:**

*[signature]*
WILLIAM H. PAULEY III U.S.D.J.
1/23/2008*

Re: **JAMES RUSSO v. MP222 LLC, et. al. File No. 07 Civ. 5469 (WHP.)**

Dear Judge Pauley:

The attorneys for all parties are apparently available on January 25 and February 1, 4, 5 and 6 for a conference call, or if you choose, I assume, also for an appearance before you. I am leaving the country on February 6th, and, will not be returning until early March. Accordingly, it is critical to me and my client that this Stipulation be executed before I leave.

I believe it is necessary to bring you up to date on the lack of progress in this matter. As you know, this case was removed from State Court to this Court in June 2007. When we first appeared before you, we collectively advised you that all parties seemed to agree that a viable resolution was that Stipulation of Settlement, which would clarify which party owned the Cooperative Units being sold, which parties had liens against those Units, and which parties would be paid at the closing of the sale, should be executed.

Subsequently I prepared a number of drafts of the Stipulation and shortly after each was sent, I received extensive responses from each of the attorneys. I made all of the changes requested by each of them and forwarded a revised fourth draft to each of them on January 3rd and 7th. However, as of the date hereof, no one has given me comments or corrections or modifications on what I believe should be the final document. Accordingly, we believe we are being "stonewalled" for no apparent reason, which has caused extraordinary damage to my client as this litigation proceeds and costs mount for him without a resolution and a firm date for a closing.

## AGINS, SIEGEL, REINER & BOUKLAS, LLP

January 22, 2008
Page 2

    The only Defendant which has not appeared or negotiated with us on the Stipulation was the New York State Department of Taxation and Finance. As of last week, the Judgment Clerk has certified as to its default and a Default Judgment should have been sent to you for signature.

    There is one open substantive issue, which was discussed briefly before you in one of the conference calls, but, again, the Defendants are supplying no information on which my client can reach a rational decision. Although my client has owned the four (4) Units since 2003, and virtually at all times he had the exclusive use of the backyard and basement, at no time was he ever issued separate shares for those areas, at no time was he ever issued a separate Proprietary Lease or any other lease or license for those areas. He was never issued a bill for the maintenance of said areas and, to the best of his knowledge, no prior owner ever was billed or paid maintenance or use and occupancy for them. There is not mention in the Offering Plan, the Proprietary Lease, the Bylaws or any of the controlling documents for the Cooperative Corporation that would requires him to pay a separate use and occupancy fee for them.

    All of these documents or any other support the Cooperative may have for its demand for payment, have been demanded, but both the attorneys for the Purchaser of the Plaintiff's Units and the attorneys for the Cooperative have failed and refused to supply this proof. Now that the units are being sold, the Cooperative, which is wholly controlled by the Purchaser, as the owner of 14 of the 20 Units, is demanding payment.

    This excessive monthly amount allegedly due and the Defendants' delay in bringing this matter to a conclusion, so a Closing can be held, has caused my client to be in default in his maintenance and mortgage payments, causing the Cooperative to declare him in default and, Merrill Lynch, the holder of the cooperative loan to the Plaintiff, to pay the outstanding maintenance and the improperly charged use and occupancy. Both the Cooperative and Merrill Lynch are threatening to foreclose.

    Needless to say, to permit this to continue would be grossly inequitable and improper.

    Any assistance the Court can give to us to bring this to a swift conclusion will be genuinely appreciated.

Very truly yours,

Richard Agins

CC: All Counsel