Exhibit A

RECYCLED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMES RUSSO,

         Plaintiff,  :

   - against -       :

MP222 LLC, 222 EAST 95th STREET
OWNERS CORP., COMMISSIONER OF SOCIAL : **DEFAULT**
SERVICES OF THE CITY OF NEW YORK, NEW  **JUDGMENT**
YORK STATE DEPARTMENT OF TAXATION   :
AND FINANCE, NEW YORK CITY DEPARTMENT
OF FINANCE, MERRILL LYNCH CREDIT   : 07 Civ. 5469 (WHP)
CORPORATION and the INTERNAL REVENUE
SERVICE OF THE UNITED STATES OF AMERICA, :

        Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

       Counterclaim, Crossclaim :
       and Third-Party Plaintiff,

             :

   - against -

             :

JAMES RUSSO,

       Counterclaim Defendant. :

   -and-

MP222 LLC, 222 EAST 95th STREET    :
OWNERS CORP., COMMISSIONER OF SOCIAL
SERVICES OF THE CITY OF NEW YORK, NEW :
YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, NEW YORK CITY DEPARTMENT :
OF FINANCE, MERRILL LYNCH CREDIT
CORPORATION,         :

       Crossclaim Defendants, :

  and

JAMES A. RUSSO, JOHN DOES NOS. 1-10 and
JANE DOES NOS. 1-10,      :

       Third-Party Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This action having been commenced on May 17, 2007, with the filing of a Summons and Complaint and Order to Show Cause with the Clerk of the Court, New York County, Supreme Court of the State of New York, bearing Index No. 601661/2007, and service having been made on Defendant New York State Department of Taxation and Finance (hereinafter referred to as "NYS"); and,

Pursuant to a Notification of Removal dated June 8, 2007, this case was removed in its entirety to this Court (hereinafter referred to as "NYS"); and,

J. Michael McMahon, Clerk of the United States District Court for the Southern District of New York, having certified that the docket entries indicate that Defendant New York State Department of Taxation and Finance has not filed an answer or otherwise moved with respect to the Complaint herein and that the default of Defendant New York State Department of Taxation and Finance is hereby noted;

Now, upon motion of Richard C. Agins, Esq. for Agins, Siegel, Reiner & Bouklas, LLP, attorneys for Plaintiff:

IT IS ORDERED AND ADJUDGED that Plaintiff have judgment:

a)     Defendant NYS filed a Judgment with the County Clerk of New York County, entered in Richmond County, docketed on July 20, 2006, effective April 19, 2004, in the amount of $485,396.11 (Tax Warrant ID No. E-333907465-W001-2), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Plaintiff in this action. The last four digits of Plaintiff's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

b)     Defendant NYS filed a Judgment with the County Clerk of New York County, entered in Richmond County, docketed on July 20, 2006, effective April 19, 2004, in the amount of $21,326.26 (Tax Warrant ID No. E-333907465-W002-6), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Plaintiff in this action. The last four digits of Plaintiff's Social Security Number being 7467. Therefore,

said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

c) Defendant NYS filed a New York State Tax Warrant (Tax Warrant ID No. E-333907465-W010-3) with the County Clerk of New York County, docketed on September 7, 2005, effective as of August 29, 2005, in the amount of $52,108.77, against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Plaintiff in this action. The last four digits of Plaintiff's Social Security Number being 7467. Therefore, said New York State Tax Warrant is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

d) Defendant NYS filed a Judgment with the County Clerk of New York County, entered in Richmond County docketed on July 20, 2006, effective October 25, 2004, in the amount of $10,627.44 (Tax Warrant ID No. E-333907465-W004-5), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Plaintiff in this action. The last four digits of Plaintiff's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

e) Defendant NYS filed a Judgment with the County Clerk of New York County, entered in Richmond County docketed on July 20, 2006, effective March 2, 2005, in the amount of $64,230.15 (Tax Warrant ID No. E-333907465-W009-7), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Plaintiff in this action. The last four digits of Plaintiff's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

f) Defendant NYS filed a State Tax Warrant (Tax Warrant ID No. E-333907465-W029-8), with the New York State Department of State, docketed and filed on June 26, 2007, entered in Queens County, in the amount of $150.00 against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Plaintiff in this action. The last four digits of Plaintiff's Social Security Number being 7467. Therefore, said State Tax Warrant is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

g) Defendant NYS filed a Judgment with the County Clerk of New York County, entered in Richmond County docketed on July 20, 2006, effective January 6, 2006, in the amount of $6,015.93 (Tax Warrant ID No. E-333907465-W011-7), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Plaintiff in this action. The last four digits of Plaintiff's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

h) Defendant NYS filed a State Tax Warrant (Tax Warrant ID No. E-333907465-

3

W022-7), with the New York State Department of State, docketed and filed on November 14, 2007, entered in Richmond County, in the amount of $63,686.69 against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Plaintiff in this action. The last four digits of Plaintiff's Social Security Number being 7467. Therefore, said State Tax Warrant is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

i)    Defendant NYS filed a State Tax Warrant (Tax Warrant ID No. E-333907465-W028-4), with the New York State Department of State, docketed and filed on April 24, 2007, entered in Queens County, in the amount of $29,755.74 against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Plaintiff in this action. The last four digits of Plaintiff's Social Security Number being 7467. Therefore, said State Tax Warrant is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

j)    That Defendant NYS filed a Judgment with the County Clerk of New York County, entered in Richmond County, docketed on July 20, 2006, effective October 25, 2004, in the amount of $119,424.62, against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Plaintiff in this action. The last four digits of Plaintiff's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

Dated at New York, New York
    ~~January~~ 4, 2008
    February

U.S.D.J.
William H. Pauley III

This Document was entered on the docket on:

4

Exhibit B

RECYCLED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMES RUSSO,

                        Plaintiff,

            - against -

MP222 LLC, 222 EAST 95th STREET
OWNERS CORP., COMMISSIONER OF SOCIAL
SERVICES OF THE CITY OF NEW YORK, NEW
YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, NEW YORK CITY DEPARTMENT
OF FINANCE, MERRILL LYNCH CREDIT
CORPORATION and the INTERNAL REVENUE
SERVICE OF THE UNITED STATES OF AMERICA,

                     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

                Counterclaim, Crossclaim
                and Third-Party Plaintiff,

            - against -

JAMES RUSSO,

                 Counterclaim Defendant.

           -and-

MP222 LLC, 222 EAST 95th STREET
OWNERS CORP., COMMISSIONER OF SOCIAL
SERVICES OF THE CITY OF NEW YORK, NEW
YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, NEW YORK CITY DEPARTMENT
OF FINANCE, MERRILL LYNCH CREDIT
CORPORATION,

                Crossclaim Defendants,

        and

JAMES A. RUSSO, JOHN DOES NOS. 1-10 and
JANE DOES NOS. 1-10,

**CONFIRMED
AND AMENDED
DEFAULT
DECLARATORY
<u>JUDGMENT</u>**

07 Civ. 5469 (WHP)

Third-Party Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

This action having been commenced on May 17, 2007, with the filing of a Summons and Complaint and Order to Show Cause with the Clerk of the Court, New York County, Supreme Court of the State of New York, bearing Index No. 601661/2007, and service having been made on Defendant New York State Department of Taxation and Finance (hereinafter referred to as "NYS"); and,

That pursuant to a Notification of Removal dated June 8, 2007, this case was removed in its entirety to this Court (hereinafter referred to as "NYS"); and,

That a Default Declaratory Judgment was executed by the Court, dated February 4, 2008 and filed on February 6, 2008

NOW, upon motion of Richard C. Agins, Esq. for Agins, Siegel, Reiner & Bouklas, LLP, attorneys for Plaintiff and Third Part Defendant Russo:

IT IS ORDERED AND ADJUDGED that Plaintiff and Third Part Defendant Russo have judgment:

1.        The Default Declaratory Judgment, dated February 4, 2008 and filed on February 6, 2008 is confirmed and amended, as follows:

a)        NYS filed a Judgment in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, entered in Richmond County, docketed on July 20, 2006, effective April 19, 2004, in the amount of $485,396.11 (Tax Warrant ID No. E-333907465-W001-2), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action, the last four digits of Russo's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

b)        NYS filed a Judgment in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, entered in Richmond County, docketed on July 20, 2006, effective April 19, 2004, in the amount of $21,326.26 (Tax Warrant ID No. E-333907465-W002-6), against a James Russo, with the last four digits of his Social

2

Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

      c)       NYS filed a New York State Tax Warrant (Tax Warrant ID No. E-333907465-W010-3) in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, docketed on September 7, 2005, effective as of August 29, 2005, in the amount of $52,108.77, against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said New York State Tax Warrant is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

      d)       NYS filed a Judgment in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, entered in Richmond County docketed on July 20, 2006, effective October 25, 2004, in the amount of $10,627.44 (Tax Warrant ID No. E-333907465-W004-5), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

      e)       NYS filed a Judgment in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, entered in Richmond County docketed on July 20, 2006, effective March 2, 2005, in the amount of $64,230.15 (Tax Warrant ID No. E-333907465-W009-7), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

      f)       NYS filed a State Tax Warrant (Tax Warrant ID No. E-333907465-W029-8), in the Office of the New York State Department of State in Albany and also docketed and filed on June 26, 2007, in Queens County, in the amount of $150.00 against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said State Tax Warrant is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

      g)       NYS filed a Judgment in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, entered in Richmond County docketed on July 20, 2006, effective January 6, 2006, in the amount of $6,015.93 (Tax Warrant ID No. E-333907465-W011-7), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

h)    NYS filed a State Tax Warrant (Tax Warrant ID No. E-333907465-W022-7), in the Office of the New York Secretary of State in Albany and also docketed and filed on November 14, 2007, in Richmond County, in the amount of $63,686.69 against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said State Tax Warrant is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

I)    NYS filed a State Tax Warrant (Tax Warrant ID No. E-333907465-W028-4), in the Office of the New York State Department of State in Albany and also docketed and filed on April 24, 2007 in Queens County, in the amount of $29,755.74 against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said State Tax Warrant is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

j)    NYS filed a Judgment in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, entered in Richmond County, docketed on July 20, 2006, effective October 25, 2004, in the amount of $119,424.62, against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

Dated at New York, New York
    March____, 2008

_____
                            U.S.D.J.

This Document was entered on the docket on:

_____

4

Exhibit C

RECYCLED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.X

JAMES RUSSO

Plaintiff,

- against -

MP222 LLC, 222 EAST 95TH STREET
OWNERS CORP., COMMISSIONER OF SOCIAL
SERVICES OF THE CITY OF NEW YORK, NEW YOUR
STATE DEPARTMENT OF TAXATION AND FINANCE,
NEW YORK CITY DEPARTMENT OF FINANCE,
MERRILL LYNCH CREDIT CORPORATION and the
INTERNAL REVENUE SERVICE OF THE UNITED
STATES OF AMERICA,

Plaintiff designates New York
County as the Place of Trial

The Basis of Venue is
Defendants' Place of Business

**SUMMONS**

Plaintiff's Place of Business
16 East 40th Street
New York, New York 10016

Index No.

To the above named Defendants:

**You are hereby summoned** to answer the Verified Complaint in this action and to

serve a copy of your answer on the Plaintiff within 20 days after the service of this Summons,

exclusive of the day of service (or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of

your failure to appear, judgment will be taken against you by default for the relief demanded

in the Complaint.

Dated: New York, New York
       May 16, 2007

RICHARD C. AGINS, ESQ.
AGINS, SIEGEL & REINER, LLP
*Attorneys for Plaintiff*
386 Park Avenue South, Suite 1200
New York, New York 10016

TO:

MP222 LLC, c/o MICHAEL PORGES
56 Cornwall Lane
Port Washington, New York 11050

222 EAST 95[H] STREET OWNERS CORP.
222 East 95th Street
New York, New York 10128

222 EAST 95[H] STREET OWNERS CORP
c/o REFCO Management Co., Inc.
2 Rocky Trl
Wurtsboro, New York 12790

COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK
180 Water Street
New York, New York 10018

NEW YOUR STATE DEPARTMENT OF TAXATION AND FINANCE
80-02 Kew Gardens Road
Kew Gardens, New York 11415

NEW YORK CITY DEPARTMENT OF FINANCE
TAX COMPLIANCE DIVISION
59 Maiden Lane, New York, New York 10038

MERRILL LYNCH CREDIT CORPORATION
300 Leadenhall Road
Mt. Laurel, New Jersey 08054

INTERNAL REVENUE SERVICE OF THE UNITED STATES OF AMERICA
110 West 44th Street, 4th floor
A2; GRP 2-8
New York, New York 10036

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X
JAMES RUSSO

                            Plaintiff,

        - against -

MP222 LLC, 222 EAST 95TH STREET
OWNERS CORP., COMMISSIONER OF SOCIAL
SERVICES OF THE CITY OF NEW YORK, NEW
YOUR STATE DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY DEPARTMENT OF
FINANCE,  MERRILL LYNCH CREDIT
CORPORATION and the INTERNAL REVENUE
SERVICE OF THE UNITED STATES OF AMERICA,

                            Defendants.

-------------------------------------------------------X

**VERIFIED
COMPLAINT**

Index No.

Date Purchased:

Plaintiff JAMES RUSSO, by his attorneys AGINS, Siegel & Reiner, LLP, as and for his

Verified Complaint against Defendants MP222 LLC and 222 EAST 95TH STREET OWNERS

CORP., respectfully alleges as follows:

1.      That as of August 19, 2003, I became the Lessee on the Proprietary Leases for

Units 1, 2, 3, and 4 at the Property and owner of all of the shares of the Defendant 222 East 95th

Street Owners Corp., ( the "Cooperative Corporation") appurtenant to the Units (the "Shares")

as follows:

                273 Shares — Unit 1
                250 Shares — Unit 2
                250 Shares — Unit 3
                273 Shares — Unit 4

2.      That in August 2006, the Contract of Sale  (the "Contract") was executed

between Plaintiff, as Seller, and Defendant MP222 LLC, as Purchaser, but was not dated, and

the down payment of $2,000.00 was paid by Defendant MP222 LLC and deposited with my attorneys, Agins, Siegel & Reiner, LLP as Escrow Agents.

3.      That at the request of Defendant MP222 LLC, on March 16, 2007, a second Judgment and Lien Search was conducted by Metropolitan Abstract Corp. which issued a report of its findings. (the "Report"). Said Report raised certain issues concerning judgments and liens against "James Russo."

4.      That only two of these findings are against me and those will be satisfied at the closing.

5.      The sole judgments of record against the Plaintiff, and the sole liens against the Units (collectively the "Valid Liens") are:

(a)      The cooperative loan taken from Merrill Lynch Credit Corporation which will be satisfied at the closing of this transaction.

(b)      A judgment in the amount of $10,268.18 in favor of the New York City Department of Finance, which will be satisfied at the closing of this transaction.

6.      None of the other liens and judgments (the "Other Liens") are liens or judgments against Plaintiff or against the Units

7.      As to the Other Liens, some of these judgments and/or liens were against my son, also named James Russo, and sometimes referred to as James A. Russo and the rest are not against either my son or me, but others named James Russo.

8.      As of the date hereof, the Managing Member of Defendant MP222 LLC, Michael Porges, has advised Plaintiff that if it is determined by this Court that none of the Other Liens against "James Russo" are against me, or are liens against the Units, and the two Valid Liens are satisfied at the closing, it has agreed to complete this transaction and to advise

the Escrow Agent to release the Down Payment to the Plaintiff.

9.    Defendant Cooperative Corporation requires this determination to complete the transaction as well.

10.    As of the date hereof, Plaintiff is in full compliance with, has materially fulfilled all of the terms, provisions and conditions set forth in the Contract of Sale and will complete the transaction.

11.    Plaintiff purchased the Units by a Contract of Sale dated November 7, 2002. Said Contract is in his name, as Purchaser and sets forth his Social Security Number

12.    At the time of the closing, a mortgage was taken back by the Seller, the Louis Mazzella Irrevocable QTIP Trust (the "Trust") in Plaintiff's name and his Social Security Number

13.    At or about the same time, Plaintiff applied for a cooperative loan, with his wife Henrietta Russo to Merrill Lynch Credit Corporation. Plaintiff's Social Security Number appears on this application. When that loan was received, the loan to the Trust was paid in full and, therefore, it does not appear in the Report.

14.    During each and every year that Plaintiff owned the Units, the Cooperative Corporation, through its Managing Agent, has issued a mortgage interest statement on the building's mortgage, and a real estate tax statement on the building to Plaintiff, showing his Social Security Number.

15.    Similarly, each and every year since Plaintiff purchased the Units, his mortgage lender Merrill Lynch Credit Corporation has issued a statement showing the interest and paid by him and his wife, showing his Social Security Number.

16.    One of the tax liens in the Report was issued by the New York State Department

of Taxation and Finance. This lien is not against Plaintiff. The New York State Department of Taxation and Finance wrote to Plaintiff, by letter dated November 16, 2006, stating that there are "no outstanding assessed liabilities in judgments or liens for the taxpayers associated with the above-referenced Social Security Number, which is, once again, Plaintiff's Social Security Number.

17    In addition, Plaintiff and his wife have received letters from the Department of Treasury, Internal Revenue Service, indicating that for the years 2003 and 2004 they received a refund, and for the year 2005 they owed $31.00, which has subsequently been paid.

18.    The Notice of Federal Tax Liens each show that they are against James A. Russo, Plaintiff's son.

19.    As to those Federal Tax Liens, on or about September 25, 2006, Plaintiff received a letter from the Internal Revenue Service confirming that "we are attempting to collect unpaid taxes from your son, James A. Russo."

20.    Reviewing the Report:

a)    As to the Judgment, noted in the upper right hand corner as Page 49 of 59 of the Report, there is no Family Court Judgement against either Plaintiff or his son. Neither of then have ever resided at 431 Mountain View Avenue, Staten Island, New York or have ever been a party to a proceeding in Family Court.

b)    As to the Judgment, noted in the upper right hand corner as Page 50 of 59 of the Report, there is no Family Court Judgement against either Plaintiff or his son. Neither of them have ever resided at 431 Mountain View Ave, Staten Island, New York or have ever been a party to a proceeding in Family Court.

c)    As to the Judgment, noted in the upper right hand corner as Page 51 of

59 of the Report, this is a judgement against Plaintiff's son, James Russo in connection with a business he owned, located at 4 East 64th Street for unpaid Sales Tax.

      d)     As to the Judgment, noted in the upper right hand corner as Page 52 of 59 of the Report, this is a judgment against Plaintiff for a portion of the unpaid transfer tax that was the obligation and liability of the Seller/Sponsor of the Cooperative Corporation CLM Properties. This is one of the two Valid Liens and Plaintiff will satisfy this at closing

      e)     As to the Judgment, noted in the upper right hand corner as Page 53of 59 of the Report, this is the same New York State Department of Taxation and Finance judgment filed against Plaintiff's son that was filed in connection with his business, at Plaintiff's Staten Island address.

      f)     As to the Judgments, noted in the upper right hand corner as Pages 54, 55, 56, and 57 of the Report, all of these are against Plaintiff's son, James A. Russo.

      g)     As to the Judgments, noted in the upper right hand corner as Pages 59 of 59 of the Report, none of those against the name "James Russo" are either Plaintiff or his son. Neither of them ever lived at or used any of the addresses listed on this page of the Report.

21.     As to the IRS Tax Liens entitled "Detailed Document Information," this is against Plaintiff's son, James A. Russo, but was filed against me as "Nominee" of James A. Russo, his son.

22.     As to the Cooperative Loan to Merrill Lynch and the filed UCC 1, this is one of the two Valid Liens and will be satisfied in full at the closing

23.     In addition:

      a)     To the best of Plaintiff's knowledge, no work has been done upon the

Units by the City of New York nor has any demand been made by the City of New York for any such work that may result in charges by the New York City Department of Rent and Housing Maintenance, Emergency Services or charges by the New York City Department for Environmental Protection for water tap closings or any related work.

b)    To the best of Plaintiff's knowledge, no inspection fees, permit fees, elevator(s), sign, boiler or other charges have been levied, charged, created or incurred that may become tax or other liens pursuant to Section 26-128 (formerly Section 643a-14.0) of the Administrative Code of the City of New York, as amended by Local Laws 10 of 1981 and 25 of 1984, and Section 27-4029.1 of the Administrative Code of the City of New York as amended by LL 43 (1988) or any other section of law.

c)    That except as set forth herein, the bankruptcies, judgments, federal tax liens, Parking Violation Bureau judgments, Environmental Control Board liens, Environmental Control Board fire liens, Transit Adjudication Bureau liens, New York State and City tax warrants, and other liens set forth, if any, are not against the Plaintiff, but against other(s) having the same or similar name(s), and that the Plaintiff has never resided or done business, maintained an office, or registered a motor vehicle at any of the addresses listed in connection therewith, except for those set forth above.

d)    That there has been no work performed by any agency of the City of New York to cure problems under the New York City Hazardous Substances Emergency Response Law, nor can any lien be incurred pursuant to the aforementioned statute.

e)    Real estate taxes, water charges, sewer rents and other assessments, if any, shown on the tax search as "subject to collection" have been paid.

f)    That Plaintiff has not been known by any other name, during the past

ten years.

24.    Accordingly, by reason of the documentation set forth herein, Plaintiff respectfully requests that this Court declare the legal rights and duties of the parties as set forth herein.

**WHEREFORE**, it is respectfully requested of this Court that it issue and make a Declaratory Judgment:

1.    Determining that Plaintiff is the owner of the shares appurtenant to and the Proprietary Leases to Apartments #1, #2, #3 and #4 at 222 East 95th Street, New York, New York 10128 (the "Units); and

2.    Determining that the sole judgments of record against the Plaintiff and the sole liens against the Units (collectively the "Valid Liens") are:

   (a)    The cooperative loan taken from Merrill Lynch Credit Corporation which will be satisfied at the closing of this transaction.

   (b)    A judgment in the amount of $10,268.18 in favor of the New York City Department of Finance, which will be satisfied at the closing of this transaction.

3.    Determining that Defendant MP222 LLC may comply with the terms of the Contract of Sale to purchase the Units, pay the balance due to Plaintiff of $998,000.00, agree to release the Down Payment of $2000.00 from Escrow to the Plaintiff, if the Valid Liens are satisfied at the closing, free and clear of all liens and judgments; and

4.    Determining that Defendant 222 East 95th Street Owners Corp., the Cooperative Corporation, may confirm that the Units are free and clear of all liens and judgments if the Valid Liens are satisfied at the closing and may, therefore, complete the assignment of 1,046 Shares of the Cooperative Corporation appurtenant to the Units and the assignment of the Proprietary Lease for the Units from Plaintiff to Defendant MP222 LLC.

6.    Granting such other, further and different relief as this Court may deem just and proper.

Yours, etc,

RICHARD C. AGINS, ESQ.
AGINS, SIEGEL & REINER, LLP
386 PARK AVENUE SOUTH, SUITE 1200
New York, New York 10016
(212) 447-5599

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss
COUNTY OF NEW YORK       )

JAMES RUSSO, being duly sworn, deposes and says:

I am the Plaintiff in this proceeding.

I have read the foregoing Verified Complaint and the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

The grounds for my knowledge include personal knowledge and a review of applicable documents, files, correspondence and other records.

_James Russo_
JAMES RUSSO

Sworn to before me this
day of April, 2007

PHILLIP TAMBASCO
Notary Public, State of New York
No. 41-4877309
Qualified in Queens County
Commission Expires Nov. 24, 2007

NOTARY PUBLIC