UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES RUSSO,

        Plaintiff,

 - against -

MP222 LLC, 222 EAST 95th
OWNERS CORP., COMMISSIONER OF SOCIAL
SERVICES OF THE CITY OF NEW YORK, NEW
YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, NEW YORK CITY DEPARTMENT
OF FINANCE, MERRILL LYNCH CREDIT
CORPORATION and INTERNAL REVENUE
SERVICE OF THE UNITED STATES OF AMERICA,

        Defendants.
------------------------------------------------------------x

**STIPULATION AND ORDER OF SETTLEMENT**

07 Civ. 5469 (WHP)

UNITED STATES OF AMERICA,

    Counterclaim, Crossclaim
    and Third-Party Plaintiff,

 - against -

JAMES RUSSO,

        Counterclaim Defendant.

 -and-

MP222 LLC, 222 EAST 95th OWNERS CORP.,
COMMISSIONER OF SOCIAL SERVICES OF THE
CITY OF NEW YORK, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE, NEW
YORK CITY DEPARTMENT OF FINANCE,
MERRILL LYNCH CREDIT CORPORATION,

       Crossclaim Defendants,

 and

JAMES A. RUSSO, JOHN DOES NOS. 1-10 and :
JANE DOES NOS. 1-10,
:
                        Third-Party Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      WHEREAS, this action was commenced by Plaintiff James Russo ("Russo") (the last four digits of Russo's Social Security Number are 7467) by Order to Show Cause dated May 21, 2007, in the Supreme Court of the State of New York, County of New York, seeking, inter alia, a Declaratory Judgment determining whether certain judgments and/or liens of record against a person or persons identified as "James Russo" or "James A. Russo" or "J. Russo" or "J. A. Russo" are liens against those shares of the corporation known as 222 East 95th Owners Corp. ("Owners Corp.") and/or the proprietary lease relating to units 1, 2, 3 and 4 of the cooperative apartment building having the address of at 222 East 95th Street, New York, New York 10128 (collectively the "Units") in connection with a proposed sale of the Units and confirming that Third-Party Defendant James A. Russo ("J. A. Russo") (the last four digits of his Social Security Number are 4259) is not an owner of the Units; and

      WHEREAS, on June 8, 2007, this action was removed to the United States District Court for the Southern District of New York by Defendant United States of America (the "United States"); and

      WHEREAS, on July 23, 2007, the United States filed an Answer, Counterclaim, Crossclaim, and Third-Party Complaint (the "Third-Party Complaint"), seeking, inter alia, a judgment against J. A. Russo for unpaid tax assessments, and a judgment to

foreclose the United States' tax liens against the Units; and

WHEREAS, Russo represents that a Default Declaratory Judgment (the "Default Declaratory Judgment") dated February 4, 2008 was filed on February 6, 2008 against Defendant New York State Department of Taxation and Finance ("NYS") in this matter and NYS has not answered, otherwise appeared or contested said Default Declaratory Judgment. Russo has served and filed a Motion to Confirm and Amend said Default Declaratory Judgment against NYS; and

WHEREAS, a Cooperative Apartment Lien search was conducted and a report prepared by Modern Abstract Corporation, dated November 1, 2007 (the "Search"), the pages of which were numbered, by hand, in the lower right corner for ease of reference, and a true copy of which is attached hereto and made a part hereof as "Exhibit A," which Search has identified certain judgments, liens and/or claims against an individual or individuals named "James Russo" or "J. Russo," which Russo and J. A. Russo seek to confirm, deny or clarify herein; and

WHEREAS, the parties wish to settle this matter;

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff/Counterclaim Defendant Russo, J. A. Russo, and Defendants/Crossclaim Defendants MP222 LLC ("MP222"), 222 East 95th Owners Corp. ("Owners Corp."), Commissioner of the Department of Social Services of the City of New York ("DSS"), the New York City Department of Finance ("DOF") (DSS and DOF, collectively, the "NYC Defendants"), Merrill Lynch Credit Corporation ("MLCC"), Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, Asbestos Training

Program Fund, Industry Fund, Legal Services Fund, Building Contractors Advancement Program and Paul D. Ragone, in his fiduciary capacity as Administrator, as a party Defendant herein (collectively "Mason Tenders") and Defendant/Third-Party Plaintiff the United States, that the above-captioned Complaint, Cross-Claims, Counterclaims and Third-Party Complaint are settled on the following terms and conditions:

1. MP222, as Purchaser, acknowledges that it entered into a Contract of Sale (the "Contract") with a seller identified as "James Russo," for the sale of the Units. Russo represents that he is the named Seller in Contract.

2. Russo and J. A. Russo acknowledge that there are certain liens, judgments and/or claims against them or their property that must be clarified as to liability and removed as liens against the Units before a Closing, pursuant to the terms of the Contract, may take place.

3. The parties hereto confirm that they are entering into this Stipulation, and making the representations set forth herein and/or taking the actions described herein, in order to clear all liens, judgments and/or claims to the Units, so that a Closing pursuant to the terms of the Contract may take place. Except as set forth herein or in the Contract, nothing herein imposes on any party to this Stipulation any obligation to make any representations and/or take any action to clear such liens, judgments and/or claims to the Units.

4. Russo states that he commenced this action against the Defendants and seeks the execution of this Stipulation based only on and in reference only to the judgments, claims and/or liens set forth herein, and no others. Russo and J. A. Russo

each represents that he has no knowledge of any judgment, lien or pending action or proceeding that is or may become a lien against the Units other than those identified in the Search or in this Stipulation. Russo and J. A. Russo each makes such representation with the understanding and intention that such representation is being relied upon by the other parties to this Stipulation and by any purchaser of the Units, including but not limited to MP222. Russo and J. A. Russo each refer to the last four (4) digits of their Social Security Numbers herein. The full Social Security Numbers will be disclosed to the Court, if requested, but Russo and J. A. Russo each represent that such Social Security Numbers are accurate and are the only Social Security Numbers ever applied for, assigned to or used by either of them. Additionally, Russo and J. A. Russo each represent that both Social Security Numbers have been revealed to the City of New York and that the City of New York relied on those representations in agreeing to the Stipulation herein. Russo represents that the only judgment against him is set forth in Paragraph 20 herein and will be paid in full pursuant to the terms set forth therein. J. A. Russo, acknowledges that certain Judgments set forth in Paragraphs 6(a)-(h) and 11(a)-(j) herein are against him, but represents that such Judgments are not liens against the Units because J.A. Russo is not the owner of the shares of Owners Corp. and is not a lessee of the Proprietary Lease corresponding to the Units. Russo represents, that he has not been known by any other name during the past ten years, and copies of his current driver's license and Medicare ID Card (with all but the last four digits of his Social Security number redacted) are attached hereto as "Exhibit B-1." Russo will supply a separate Affidavit to NYC, not to be a part of the public record, representing

his full Social Security Number and attaching a complete copy of his Medicare ID Card. J. A. Russo represents that he has not been known by any other name during the past ten years, and copies of his current driver's license and Social Security Card (with all but the last four digits of his Social Security number redacted) are attached hereto as "Exhibit B-2." J. A. Russo will supply a separate Affidavit to NYC, not to be a part of the public record, representing his full Social Security Number and attaching a complete copy of his Social Security Card. Russo represents that at various times both he and J. A. Russo used his home address at 29-01 Amboy Road, Staten Island, New York 10306, and that J. A. Russo also used the addresses of the Units where he was Russo's subtenant, but never an owner, and 4 East 65th Street, New York, New York, where J. A. Russo maintained a business. J. A. Russo represents that at various times both he and Russo used Russo's home address at 29-01 Amboy Road, Staten Island, New York 10306, and that J. A. Russo also used the addresses of the Units where he was Russo's subtenant, but never an owner, and that J. A. Russo maintained a business at 4 East 65th Street, New York, New York. Russo and J. A. Russo each represent that in the years 1998 through 2003, these are the only addresses where either of them owned, rented or resided.

5.   Notwithstanding any provisions herein to the contrary, the Defendants reserve all rights to fully enforce any and all judgments, liens and/or claims and to commence any proceedings referred to herein against Russo and/or J. A. Russo, personally and/or against any property of same other than the Units.

## PROVISIONS AS TO THE IRS DEFENDANT

6. The Search, Pages 2 through 8, sets forth certain Federal tax liens filed in the New York County's Register's office. In addition, MP222's title insurer has found a Federal tax lien filed against "James Russo" in Richmond County, a true copy of which is annexed hereto as "Exhibit C." Simultaneously with this Stipulation, J. A. Russo has entered into a consent judgment with the United States for the following unpaid tax assessments.

a) Search Page 2. Federal lien, document dated June 21, 2005, recorded/filed July 19, 2005 in favor of the Internal Revenue Service against James A. Russo in the amount of $92,500.51.

b) Search Page 3. Federal lien, document dated January 18, 2006, in favor of the Internal Revenue Service against J. A. Russo recorded/filed March 16, 2006, in the amount of $281,076.19.

c) Search Page 4. Federal lien, document dated January 19, 2006, in favor of the Internal Revenue Service against J. A. Russo recorded/filed February 14, 2006, in the amount of $14,017.08.

d) Search Page 5, Federal lien, document dated April 12, 2006, in favor of the Internal Revenue Service against J. A. Russo recorded/filed May 2, 2006, in the amount of $239,337.82.

e) Search page 6, Federal lien, document dated April 24, 2006, in favor of the Internal Revenue Service against J. A. Russo recorded/filed May 11, 2006, in the amount of $201,689.88

f) Search Page 7, Federal lien, document dated September 21, 2006, in favor of the Internal Revenue Service against J. A. Russo recorded/filed November 1, 2006, in the amount of $100,048.30.

g) Search Page 8, Federal lien document dated November 15, 2006, recorded/filed November 15, 2006, in the amount of $625,012.11, in favor of the Internal Revenue Service against James Russo, SS No. XXX-XX-7467 as nominee of James A. Russo.

h) Not in Search. Federal tax lien, Control No. 0002488-02, Index No. 27170 against James Russo, 2901 Amboy Road, Staten Island, New York 10306, Docket date November 16, 2006, in the amount of $624,772.11.

7. Intentionally omitted

8. The United States represents that as of March 12, 2008, the balance due on the Federal tax liens as set forth above and in Paragraphs 33 and 34 of the United States' Answer and Third-Party Complaint, and two additional assessments for trust recovery penalties for tax periods September 2001 and December 2005, is $1,168,229.19. At the Closing of the sale of the Units, Russo shall pay the United States the entire balance of the proceeds of sale remaining after payment of the judgments, loans, expenses, fees and other charges due to the NYC Defendants, MLCC, Owners Corp. and $2,300.00 to MP222 as reimbursement for expenses, as set forth in this Stipulation, and other usual and reasonable Closing expenses agreed to by the parties pursuant to the Contract, including any broker's fees, and including Russo's legal fees incurred in connection with this transaction and litigation, not to exceed

$35,000.00, and the United States, in return for such payment shall, at Closing, deliver a written release of all liens of the United States against the Units, identified in Paragraph 6(a)-(h) above. Such payment to the United States shall be credited against the J. A. Russo Consent Judgment. Such payment does not preclude the United States from executing on the Consent Judgment on any other property of J. A. Russo, as provided by law.

## PROVISIONS AS TO DEFENDANT MLCC

9.  Search Page 9 sets forth the UCC-1 Financing Statement filed in the New York County Register's Office on August 19, 2003 in favor of Merrill Lynch Credit Corporation against James Russo and Henrietta Russo.

10. MLCC represents that a Security Agreement dated October 16, 2003 and a Note dated October 16, 2003 in the amount of $533,453 were executed by Russo and secured by the Units (the "MLCC Lien"). Russo acknowledges that he is obligated to pay any and all outstanding principal, interest and late charges due pursuant to the MLCC Lien between Russo and MLCC, which, as of March 15, 2008, equals Principal of $532,517.86, Interest of $13,623.01, miscellaneous fees and late charges of $266.49, legal fees of $2500, search fee of $400.00, and amounts paid to the Owners Corp. for maintenance and other charges in the amount of $29,011.91. Russo also acknowledges that the MLCC Lien includes, in addition to the foregoing, MLCC's payment of monthly maintenance, interest, and late charges on behalf of Russo and MLCC's payment of reasonable attorneys' fees of Owners Corp. and MLCC in connection with

same, including an attendance fee of $750 for delivery of the collateral documents and preparation of the appropriate UCC-3 on behalf of MLCC.. Russo acknowledges that, to the extent that Russo fails to make payments on the Note and/or payments of monthly maintenance subsequent to February 29, 2008, the amount of the MLCC Lien will increase accordingly. Said charges shall be set forth in detail by MLCC at time of payment. Russo represents that the MLCC Lien as of the date of Closing will be fully satisfied at the Closing of the Units, and MLCC shall deliver at Closing, in return for such payment, a fully-executed written satisfaction of the MLCC Lien. The parties acknowledge that the MLCC Lien is superior to all other subsequently filed liens and/or judgments against the Units, except the lien, pursuant to the Offering Plan, for payment of maintenance to Owners Corp.

## PROVISIONS AS TO NYS

11.     Pursuant to the Search, NYS filed certain notices, liens, or judgments against "James Russo" listed below, which Russo represents are not against him. The Default Declaratory Judgment, entered on February 6, 2008, contains all of the following, with the sole exception of the words "in the Office of the New York Secretary of State in Albany and with" in each item. Russo has served and filed a Motion to Confirm and Amend said Default Declaratory Judgment against NYS, on notice to NYS, to include said words.

a)     Search Pages 10 and 31 NYS filed a Judgment in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, entered in Richmond County, docketed on July 20, 2006, effective April 19, 2004, in the

amount of $485,396.11 (Tax Warrant ID No. E-333907465-W001-2), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action, the last four digits of Russo's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

    b)    Search Pages 10 and 32. NYS filed a Judgment in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, entered in Richmond County, docketed on July 20, 2006, effective April 19, 2004, in the amount of $21,326.26 (Tax Warrant ID No. E-333907465-W002-6), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

    c)    Search Pages 10, 28 and 29. NYS filed a New York State Tax Warrant (Tax Warrant ID No. E-333907465-W010-3) in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, docketed on September 7, 2005, effective as of August 29, 2005, in the amount of $52,108.77, against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said New York State Tax Warrant is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

    d)    Search Pages 11 and 34. NYS filed a Judgment in the Office of the New

York Secretary of State in Albany and with the County Clerk of New York County, entered in Richmond County docketed on July 20, 2006, effective October 25, 2004, in the amount of $10,627.44 (Tax Warrant ID No. E-333907465-W004-5), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

e) Search Pages 11 and 35. NYS filed a Judgment in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, entered in Richmond County docketed on July 20, 2006, effective March 2, 2005, in the amount of $64,230.15 (Tax Warrant ID No. E-333907465-W009-7), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

f) Search Page 11. NYS filed a State Tax Warrant (Tax Warrant ID No. E-333907465-W029-8), with the New York State Department of State in Albany and also docketed and filed on June 26, 2007, in Queens County, in the amount of $150.00 against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said State Tax Warrant is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

g) Search Pages 12 and 36. NYS filed a Judgment in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, entered in Richmond County docketed on July 20, 2006, effective January 6, 2006, in the amount of $6,015.93 (Tax Warrant ID No. E-333907465-W011-7), against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

h) Search Page 12. NYS filed a State Tax Warrant (Tax Warrant ID No. E-333907465-W022-7), in the Office of the New York Secretary of State in Albany and also docketed and filed on November 14, 2007, in Richmond County, in the amount of $63,686.69 against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said State Tax Warrant is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

i) Search Page 12. NYS filed a State Tax Warrant (Tax Warrant ID No. E-333907465-W028-4), with the New York State Department of State in Albany and also docketed and filed on April 24, 2007 in Queens County, in the amount of $29,755.74 against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said State Tax Warrant is not a lien on cooperative

apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

    j)    Search Page 33. NYS filed a Judgment in the Office of the New York Secretary of State in Albany and with the County Clerk of New York County, entered in Richmond County, docketed on July 20, 2006, effective October 25, 2004, in the amount of $119,424.62, against a James Russo, with the last four digits of his Social Security Number being 4259, who is not the Russo in this action. The last four digits of Russo's Social Security Number being 7467. Therefore, said Judgment is not a lien on cooperative apartment Units herein: #1, 2, 3 or 4 at 222 East 95th Street, New York, New York.

### PROVISION AS TO LOTTIE ROSE JUDGMENT

12.    Search Pages 14 and 15 identify a judgment entered by Lottie Rose, Eugene Wisner, Arkady Chayka and Just More Real Roses, as Judgment Creditors against James Russo, as Judgment Debtor, said defendant residing at 32 Reservoir Road, New City, New York, effective May 22, 1987, docketed in New York County on October 21, 1987, in the amount of $237,545.59 (the "Lottie Rose Judgment"). Russo and J. A. Russo each represent that he is not said Judgment Debtor, he has never lived at or owned said address, and he has never heard of or had any contact with any of the named Judgment Creditors. Said judgment is over twenty years old and the Search does not identify any action pending to renew said judgment. Russo may, without further notice to any party, submit a judgment in the form annexed hereto as "Exhibit D," declaring that the Lottie Rose Judgment is not a lien against the Units.

## AS TO THE MASON TENDERS DEFENDANT

13. The caption in this action is hereby amended to name the Mason Tenders as a party Defendant herein, and any judgment entered pursuant to this Stipulation shall reflect such amendment.

14. Mason Tenders hereby appears in this action, and admits service of the Order to Show Cause dated May 21, 2001 and the Summons and Complaint, originally brought in the Supreme Court of the State of New York, County of New York, seeking Declaratory Judgment and waives its right to serve an answer. The judgments identified in Paragraphs 15 through 18 below are hereinafter referred to as the Mason Tenders Judgments. Russo may, without further notice to any party, submit a judgment in the form annexed hereto as "Exhibit D," declaring that the Mason Tenders Judgments are not liens against the Units.

15. Search Pages 16 and 17. Mason Tenders acknowledges that a Transcript of Judgment was filed with the County Clerk of New York County, docketed on July 15, 1993, effective February 1, 1993, with respect to a Final Judgment entered in the United States District Court for the Southern District of New York, in the amount of $3,852.64 against a James Russo, who resided at 432 Union Avenue, Brooklyn, New York 11211. Russo and J. A. Russo each represent that he is not said Judgment Debtor, he has never lived at or owned said address and he has never heard of or had any contact with Mason Tenders, and, based on such representation, Mason Tenders acknowledges that said Judgment is not a lien on the Units herein.

16. Search Pages 18 and 19. Mason Tenders acknowledges that a Transcript

of Judgment was filed with the County Clerk of New York County, docketed on July 15, 1993, effective February 1, 1993 with respect to a Final Judgment entered in the United States District Court for the Southern District of New York, in the amount of $745.14 against a James Russo, who resided at 432 Union Avenue, Brooklyn, New York 11211. Russo and J. A. Russo each represent that he is not said Judgment Debtor, he has never lived at or owned said address and he has never heard of or had any contact with Mason Tenders, and, based on such representation, Mason Tenders acknowledges that said Judgment is not a lien on the Units herein.

17. Search Page 20. Mason Tenders acknowledges that a Transcript of Judgment was filed with the County Clerk of New York County, docketed on December 9, 1993, who resided at 432 Union Avenue, Brooklyn, New York 11211. Russo and J. A. Russo each represent that he is not said Judgment Debtor, he has never lived at or owned said address and he has never heard of or had any contact with Mason Tenders, and, based on such representation, Mason Tenders acknowledges that said Judgment is not a lien on the Units herein.

18. Search Page 21. Mason Tenders acknowledges that a Transcript of Judgment was filed with the County Clerk of New York County, docketed on December 9, 1993, effective January 29, 1993 in the amount of $745.14 against a James Russo, who resided at 432 Union Avenue, Brooklyn, New York 11211. Russo and J. A. Russo each represent that he is not said Judgment Debtor, he has never lived at or owned said address and he has never heard of or had any contact with Mason Tenders, and, based on such representation, Mason Tenders acknowledges that said Judgment is not a lien on

the Units herein.

## PROVISIONS AS TO THE NYC DEFENDANTS

19. Search Pages 22 through 27 and prior searches identify the judgments listed in subparagraphs (a)-(d) below (collectively the "Unrelated NYC Russo Judgments"). Russo and J. A. Russo each represent that said Unrelated NYC Russo Judgments are not against either of them. Russo represents that he has never been a party to any proceeding in any Family Court in the State of New York, including but not limited to those set forth herein or in the Search. J. A. Russo represents that he has never been a party to any proceeding in any Family Court in the State of New York, including but not limited to those set forth herein or in the Search, with the exception of a wholly unrelated proceeding, commenced and dismissed against him bearing Docket Numbers V06530-06/06531-06/05532/06, which is not set forth herein or in the Search. Russo may, without further notice to any party, submit a judgment in the form annexed hereto as "Exhibit D," declaring that the Unrelated NYC Russo Judgments are not liens against the Units.

a) Search Pages 22 and 23 identify a judgment effective on May 2, 1994, docketed in the New York County Clerk's Office on January 11, 1994, in the amount of $10,131.50 plus interest, under Index Number P19564/89A000, pursuant to an action in the Family Court of the State of New York, New York County, Child Support Enforcement Term, entitled *Commissioner of the Department of Social Services on behalf of Valerie Boutreau v. James Russo*. Russo and J. A. Russo each represent

that he is not the Judgment Debtor therein, he has never heard of or known Valerie Boudreau, and he has never owned, rented or resided at 431 Mountain View Avenue, Staten Island, New York. Based on the representations set forth in Paragraphs 4 and 19 herein and in full reliance thereon, the NYC Defendants will not seek to enforce the said judgment against the Units, in that said action and judgment are not against Russo or J. A. Russo.

        b)         Search Pages 24 and 25 identify a judgment, entered on July 9, 2003, docketed in the New York County Clerk's Office on October 7, 2003, in the amount of $26,103.00 plus interest, under Index Number 19504-89-02E, pursuant to an action in the Family Court of the State of New York, New York County, Child Support Enforcement Term, entitled *Commissioner of the Department of Social Services on behalf of Valerie Boutreau v. James Russo*, Docket Number 19504-89-02E. Russo and J. A. Russo each represent that he is not the Judgment Debtor therein, he has never heard of or known Valerie Boudreau, and he has never owned, rented or resided at 431 Mountain View Avenue, Staten Island, New York. Based on the representations set forth in Paragraphs 4 and 19 herein and in full reliance thereon, the NYC Defendants will not seek to enforce the said judgment against the Units, in that said action and judgment are not against Russo or J. A. Russo.

        c)         Search Pages 26 and 27 identify a judgment, docketed in the Richmond County Clerk's Office on November 18, 2003, in the amount of $26,103.00 plus interest, under Index Number 19504-89, pursuant to an action in the Family Court

of the State of New York, New York County, Child Support Enforcement Term, entitled *Commissioner of the Department of Social Services on behalf of Valerie Boutreau v. James Russo,* Docket Number 19504-89-02E. Russo and J. A. Russo each represent that he is not the Judgment Debtor therein, he has never heard of or known Valerie Boudreau, and he has never owned, rented or resided at 431 Mountain View Avenue, Staten Island, New York. Based on the representations set forth in Paragraphs 4 and 19 herein and in full reliance thereon, the NYC Defendants will not seek to enforce the said judgment against the Units, in that said action and judgment are not against Russo or J. A. Russo.

          d)      Not in the Search, there are three (3) judgments in favor of the New York City Environmental Control Board ("ECB") against "J. Russo": (i) Number 0135997016, issued at 58-54 198th Street, Queens, New York, on November 10, 2003 and docketed in April 2004; (ii) Number 0109293939, issued at 27-15 Healy Avenue, Queens, New York, on May 5, 2000 and docketed in October 2000; and (iii) Number 0111420742, issued at 250 Hillside Avenue, Queens, New York, on January 26, 2000, and docketed in July 2000. Russo and J. A. Russo each represent that he is not the Judgment Debtor therein, he has never heard of or known Valerie Boudreau, and he has never owned, rented or resided at 431 Mountain View Avenue, Staten Island, New York. Based on the representations set forth in Paragraph 4 and 19 herein and in full reliance thereon, DOF, on behalf of ECB, will not seek to enforce said judgments against the Units, in that said proceedings and judgment are not against Russo or J. A. Russo.

          20.      Search page 30. Russo acknowledges a judgment, docketed on April 28,

2006, in the County Clerk's Office of New York County, in the amount of $10,268.16, plus interest, in favor of DOF, Warrant No. G0793408 (hereinafter, said judgment, with interest (the "NYC Judgment") and confirms that he is obligated to pay the NYC Judgment. The balance of the NYC Judgment with interest as of February 29, 2008 is $12,165.77. Russo represents that the NYC Judgment and all transfer and other taxes regarding the sale of the Units, which will be due and owing as at the time of the Closing, will be fully satisfied at the Closing of the sale of the Units. If that transaction does not close as intended, for any reason whatsoever, the NYC Judgment shall be paid in full no later than nine (9) months after (a) the date this Stipulation is "So Ordered" and entered by the Court, or (b) the entry of a judgment by default against Defendant NYS, whichever is later, notwithstanding any other provisions in this Stipulation, including but not limited to Paragraphs 36 and 37, or any extensions provided for elsewhere in this Stipulation or any other agreement, or the entering into of any other agreement of sale. J. A. Russo represents that the NYC Judgment is not against him but acknowledges that Russo has agreed to pay the NYC Judgment as set forth herein.

21.   This Stipulation in no way relates to any rights, claims, interests, liens or encumbrances that the City of New York may have now or in the future against Russo or J. A. Russo, except those specifically set forth herein.

22.   Russo and/or J. A. Russo and the NYC Defendants acknowledge that this Stipulation shall not in any manner prevent DSS or the Human Resources Administration of the City of New York, or any of their respective subdivisions, from obtaining a child support order against Russo or J. A. Russo, or from taking any