enforcement action in connection with child support orders that exist or come into being.

**PROVISIONS AS TO DEFENDANT OWNERS CORP.**

23.- Search Pages 37 through 41. The Search identifies the recordation of a UCC-1 and UCC Financing Statements in favor of the Dime Savings Bank of Williamsburg and against Owners Corp. The debt that is identified by such recordation is not a personal obligation of Russo or J. A. Russo except to the extent that either is a shareholder of Owners Corp., Inc. and such personal obligation shall cease upon the transfer of his or their shares of Owners Corp. to any bone fide purchaser at a Closing of the sale of the Units.

24. Search Page 42. The Search identifies a judgment in favor of the New York City Department of Finance against 222 East 95th Street Owners Corp. in the amount of $686.70 docketed on February 5, 1992 and perfected on January 2, 1992. The said judgment is not a personal obligation of Russo or J. A. Russo except to the extent that either is a shareholder of Owners Corp., and such personal obligation shall cease upon the transfer of his or their shares of Owners Corp. to any bone fide purchaser at a Closing of the sale of the Units.

25. Search page 43 identifies a consolidated mortgage to form a single lien in the amount of $1,000,000.00 by consolidation agreement recorded October 5, 2004 in favor of the Dime Savings Bank of Williamsburg on the premises at 222 East 95th Street. Said mortgages are not the personal obligations of either Russo or J. A. Russo except to the extent that either is a shareholder of Owners Corp., and such personal obligation shall cease upon the transfer of his or their shares of Owners Corp. to any bone fide

purchaser at a Closing of the sale of the Units.

26.     Search pages 44 through 48 identifies information concerning taxes or other charges due or owing against Defendant Owners Corp. Said charges are not the personal obligation of either Russo or J. A. Russo, except to the extent that either is a shareholder of Owners Corp., and such personal obligation shall cease upon the transfer of his or their shares of Owners Corp. to any bone fide purchaser at a Closing of the sale of the Units.

27.     Search pages 49 and 50 constitute a copy of the deed into 222 East 95th Owners Corporation, dated the 11th day of February 1988. Neither Russo nor J. A. Russo is a party to this document.

28.     Russo, J.A. Russo and Owners Corp. acknowledge that there has heretofore been a dispute among them as to the ownership and right to exclusive use and occupancy of certain basement and backyard areas adjoining the Units (the "Basement" and "Backyard"). Russo and J.A. Russo are advised (and for settlement purposes only, as part of this Stipulation, do not contest this amount) that the amount of use and occupancy charges (the "U&O) owed to Owners Corp. through January 31, 2008 is $72,242.38, plus interest of $1,171.62 (for the period from September 27, 2006 through January 31, 2008) and late fees of $3,000 (for the same period). Russo and J.A. Russo are further advised (and for settlement purposes only, as part of this Stipulation, do not contest this amount) that the amount of monthly U&O due and payable for each month commencing March 1, 2008 is $1,273.81, plus interest and late fees if such U&O is not timely paid. Provided the Closing with MP222 occurs as set forth in this Stipulation and

in the Contract, Owners Corp. agrees that the U&O owed by Russo and J.A. Russo to Owners Corp. shall be fully satisfied by the payment of $23,964.66 for the period through January 31, 2008; plus all unpaid monthly U&O including interest and late fees, if any, for the period from February 1, 2008 through the date of Closing. Such U&O shall be fully paid at any closing of the sales of the Units, and, upon receipt of such payment, Owners Corp. shall deliver a fully-executed satisfaction of lien and Release with respect to such U&O. Such payment of U&O shall have priority over all other liens except Owners Corp.'s lien for maintenance. In the event that the Closing with MP222 does not take place, nothing herein shall be deemed a waiver of any rights or causes of action by either Owners Corp., Russo and/or J.A. Russo or foreclose any of them from asserting any claim that they may have concerning: (a) the ownership of and/or right to use of the Basement and Backyard; or (b) the propriety and amount of amount of U&O with respect to same.

29.    Russo, J.A. Russo and Owners Corp. acknowledge that, through February 29, 2008, the amount of maintenance owed to Owners Corp. with respect to the Units, not including any amounts heretofore paid by MLCC on behalf of Russo, as referenced in paragraph 10 of this Stipulation, is $7,495.80, including interest and late fees. Russo, J.A. Russo and Owners Corp. further acknowledge that, at present, the monthly maintenance for the Units is $3,306.20, plus monthly interest of $27.80 and late fees of $400.00 in the event maintenance is not timely paid. All outstanding maintenance, late fees and interest shall be fully paid at Closing, and such obligation shall have priority over all other liens against the Units. Nothing herein shall constitute a waiver of Owners

Corps' right to demand that Russo and J.A. Russo pay present and future monthly maintenance charges for the Units on a timely basis or release Russo and J.A. Russo from their obligation to make present and future monthly payments of maintenance on a timely basis. Owners Corp. represents that the execution of this Stipulation has been authorized by its Board of Directors. Owners Corp. further represents that its Board of Directors has approved the sale of the Units to MP222.

## PROVISIONS AS TO PENDING ACTIONS AND PROCEEDINGS

30.    Search Pages 52 through 69 identify a Verified Petition filed in the Supreme Court of the State New York, County of New York, entitled *In the Matter of the Application of Kareem Fauntleroy*, bearing Index No. 07/400650 brought against, among others, Police Officer James Russo, pursuant to the Freedom of Information Law, against the New York City Police Department. Russo and J. A. Russo each represent that (a) he is not and has never been an officer of the New York City Police Department, and (b) said Petition is not against him.

31.    Search Pages 70 through 80 identify a Verified Petition filed in the Supreme Court of the State New York, County of New York, entitled *In the Matter of the Application of John Covington*, bearing Index No. 07/402779 brought against, among others, Police Officer James Russo, pursuant to the Freedom of Information Law, against the New York City Police Department. Russo and J. A. Russo each represent that (a) he is not and has never been an officer of the New York City Police Department, and (b) said Petition is not against him.

32.    Search Pages 81 through 86 identify a Verified Petition filed in the

Supreme Court of the State New York, County of New York, entitled, *In the Matter of the application of Billy Taylor*, bearing Index No. 07/402872 brought against, among others, Police Officer James Russo, pursuant to the Freedom of Information Law, against the New York City Police Department. Russo and J. A. Russo each represent that (a) he is not and has never been an officer of the New York City Police Department and (b) said Petition is not against him.

33.    Search Pages 87 through 92 identify an action commenced in the Supreme Court of the State of New York, County of New York, entitled *Richard Daniel v. Instant Whip New York Inc. and James Russo,* bearing Index Number 111416/2002. Said "James Russo's" address is shown as 515 Chestnut Street, Lakewood, New Jersey. Russo and J.A. Russo each represent that (a) neither of them are the defendants in that action; (b) neither of them was involved in an automobile accident on October 30, 2001; and, (c) neither of them has ever worked for nor driven or operated a vehicle owned by Instant Whip New York Inc., nor has either of them ever lived at or owned the said address.

34.    Search Pages 93 through 102 identify a Verified Petition filed in the Supreme Court of the State New York, County of New York, entitled *In the Matter of the Application of Maurice Walker*, bearing Index No. 07/405860 brought against, among others, Police Officer James Russo, pursuant to the Freedom of Information Law, against the New York City Police Department. Russo and J. A. Russo each represent that (a) he is not and has never been an officer of the New York City Police Department, and (b) said Petition is not against him.

35.    Search Pages 103 through 111 identify an action commenced in the

Supreme Court of the State of New York, County of New York, entitled *Edward Abayev and Saida Abayev v. James Russo and Ross Russo Plumbing*, bearing Index Number 112652/2007. The address for the James Russo identified in the Search is 431 Mountainview Avenue, Staten Island, New York 10374. Russo and J.A. Russo each represent that (a) he is not the defendant in that action; (b) he was not involved in an automobile accident on January 7, 2006; and, (c) he never ever worked for or drove or operated a vehicle owned by Ross Russo Plumbing nor lived at or ever owned the said address.

36.     In the event that, prior to the Closing, any of the actions or proceedings identified in the above paragraphs shall result in a judgment being entered against the defendant or respondent identified therein as James Russo, J. Russo, Russo and/or J.A. Russo shall take such steps as are acceptable to the title insurer of MP222 (or any other purchaser of the Units) to establish that the judgment debtor of such judgment is neither Russo nor J.A. Russo.

## PROVISIONS AS TO DEFENDANT MP222

37.     Russo and MP222 agree that the Closing of this transaction will take place no later than May 30, 2008, Time Being of the Essence provided, however, that prior to the Scheduled Closing Date, an Amended Default Judgment in the form annexed hereto as Exhibit D shall have been entered following a motion on notice to NYS. (hereinafter referred to as the "Scheduled Closing Date"). Notwithstanding that Russo and J.A. Russo have represented herein that only Russo is the Owner of the Units, at the Closing, if requested to do so by MP222's title insurer, J.A. Russo shall also execute the

26

transfer documents.

38.    Prior to the Closing and in accordance with paragraph 21 of the Contract, MP222 shall have access to the Units for the purpose of having same inspected by MP222 and any engineers, contractors and other persons retained by MP222 for such purpose. MP222 will make all reasonable efforts to keep the number of times that it requires access to the Units for inspection to a minimum. The maximum number of times that MP222 may have access to the Units will be five (5), unless an additional access occasion is required due to circumstances which are (a) beyond MP222's control; and (b) could not have been reasonably foreseen by MP222.   Access will always be on at least on 48 hour notice, setting a specific time and date, by fax and/or email to both Glenn Reiner, Esq. (Fax 212-447-5549 and/or email to Greiner@asrblaw.com and by fax to Russo in care of J. A. Russo at (212) 521-8149 or J. A. Russo by cell phone at 917-592-3483 or by email AlltchExec@aol.com). This is not, in any way an admission by Russo or J. A. Russo that any of the requested inspections are in any way relevant to this transaction and does not modify the terms and conditions of the Contract. In no event shall MP222 or its agents be permitted to take any photographs of the Units that would disclose or reveal the location or existence of the security equipment located therein.

39.    Except with respect to Paragraph 37 setting the Closing Date, nothing herein is intended to or shall constitute a modification of the Contract, including anything therein concerning what constitutes a termination of the Contract or the rights of the respective parties in the event of a termination of the Contract.

40.    At Closing, Russo and J. A. Russo will deliver executed general releases

from themselves and Henrietta Russo in favor of MP222, Owners Corp., the Board of Directors of Owners Corp., the Managing Agent of Owners Corp., Michael Porges and Pamela Porges, including but not limited to a release to any claim of ownership with respect to the basement and backyard. All such releases shall be prepared by the attorneys for MP222 and delivered to the attorneys for Russo at least seventy-two ( 72) hours before the Closing. At the Closing, Russo agrees to pay $2,300.00 in reimbursement of expenses incurred by MP222 in this transaction.  Such payment shall be paid out of the proceeds of the sale.

## AS TO ALL DEFENDANTS

41.    If Russo has not closed on the sale of the Units within nine (9) months from the later of:  (a) the date this Stipulation is "So Ordered" and entered by the Court, or (b) the entry of a judgment by default against Defendant NYS, following motion on notice to NYS, incorporating the language of paragraph 11(a)-(j) of this Stipulation, whichever is later, this Stipulation is without prejudice to the United States seeking to foreclose the Consent Judgment (which arose from tax liens set forth in the United States' Third-Party Complaint), and any other liens that may arise, against the Units, notwithstanding the representations in Paragraph 4 herein, and is without prejudice to DOF to seek payment on the NYC Judgment and is without prejudice to any other party to this Stipulation to assert any rights and enforce any liens it may have against the Units.

42.    In the event the United States seeks to foreclose the Consent Judgment as set forth in Paragraph 6, it reserves the right to assert priority over any liens or judgments against the Units, excluding the liens or judgments filed by MLCC and the NYC

Defendants as set forth in Paragraphs 9 and 10 and 19 through 22, which are entitled to priority over the Federal tax liens pursuant to the Internal Revenue Code §6323.

43.    Notwithstanding anything to the contrary herein, this Stipulation does not preclude any party from asserting any other claim or defense it may have in any action between any of the parties herein.

44.    By entry into this Stipulation, no party waives any rights it may have against any of the other parties hereto, or is deemed to have agreed to the truth of any representation made by any other party herein, including, but not limited to the proper owner of the Units, the proper debtor of any alleged liens, judgments and/or warrants, or the proper amount owed to any party hereto.

45    Except as otherwise provided herein, each party shall bear its own costs and attorney's fees.

46.    Upon receiving payment at Closing in satisfaction of the NYC Judgment, DOF shall deliver a fully-executed Satisfaction of Tax Warrant in the form annexed hereto as "Exhibit E," except that prior to execution and delivery of the Satisfaction of Warrant, Russo's complete Social Security Number shall be added to such form in the space provided therefor.

47.    Each party represents and warrants that he or it has been represented by, and has consulted with, the counsel of his or its choice regarding the provisions, obligations, rights, risks and legal effects of this Stipulation, and that all parties have had an opportunity to be involved in the negotiating and drafting of this Stipulation. As such, the parties have participated, and have had an equal opportunity to participate, in the

drafting of this Stipulation. Accordingly, no negative inference shall be taken against any party as the drafter of this Stipulation.

48.    Except as herein provided, this Stipulation constitutes the entire, final, complete and exclusive agreement and understanding between and among the parties, and supersedes all prior or contemporaneous written or oral agreements which may only be modified in a writing signed by all the parties.

49.    Each party acknowledges that there are no representations, warranties, agreements, arrangements or understandings related to settlement other than as expressly contained in this Stipulation, except that Russo and J.A. Russo each represent that by their respective Affidavits sworn to ____, 2008 and delivered to the City of New York prior to the execution of this Stipulation, Russo and J.A. Russo each has represented their respective social security numbers only. Each party further acknowledges that except for the aforesaid Russo and JA Russo Affidavits, upon which the City of New York relies in entering into this Stipulation, this Stipulation has not been executed in reliance upon any other promise, representation or warranty not contained herein.

50.    The Court shall retain continuing jurisdiction of this action for the purposes of enforcing this Stipulation.

51.    This Stipulation may be executed in any number of counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

52.    Nothing contained herein shall be deemed to be an admission or acknowledgment of liability or of the truth of any of the allegations contained in the

53.    This Stipulation shall be submitted to the Court to be so-ordered.

Dated: New York, New York
          March    , 2008


_____
JAMES RUSSO
*Plaintiff/Counterclaim Defendant*


_____
JAMES A. RUSSO
*Third-Party Defendant*


_____
RICHARD C. AGINS, ESQ.
AGINS, SIEGEL, REINER &
BOUKLAS, LLP
*Attorneys for Plaintiff James Russo
and Third Party Defendant James. A.
Russo*
386 Park Avenue South, Suite 1200
New York, New York 10016
Telephone No.:  212- 447-5599
Fax No. 212-447-5549



_____
JOSEPH T. COLARSURDO, ESQ.
JOSEPH T. COLARSURDO &
ASSOCIATES, P.C.
*Attorneys for Merrill Lynch Credit
Corporation*
2900 Westchester Avenue - Suite 206
Purchase, New York 10577
Telephone No. 914-251-1111
Fax No. 914-251-0011

31

JOSEPH T. COLASURDO, ESQ.
JOSEPH T. COLASURDO &
ASSOCIATES, P.C.
*Attorneys for Merrill Lynch Credit*
*Corporation*
2900 Westchester Avenue - Suite 206
Purchase, New York 10577
Telephone No. 914-251-1111
Fax No. 914-251-0011

JOSEPH H. LESSEM, ESQ.
GRAUBARD MILLER
*Attorneys for MP222, LLC*
405 Lexington Avenue
New York, New York 10174
Telephone No.: 212- 818-8800
Fax No. 212-818-8881

JOHN A. COLEMAN, JR. , ESQ.
FRIEDBERG, COHEN, COLEMAN
& PINKAS, LLP
*Attorneys for 222 East 95th Street*
*Owners Corp.*
444 Madison Avenue
New York, New York 10022
Telephone No.: 212--829-9090
Fax No. 212-829-0999

32

JOSEPH T. COLASURDO, ESQ.
JOSEPH T. COLASURDO &
ASSOCIATES, P.C.
*Attorneys for Merrill Lynch Credit*
*Corporation*
2900 Westchester Avenue - Suite 206
Purchase, New York 10577
Telephone No. 914-251-1111
Fax No. 914-251-0011


JOSEPH H. LESSEM, ESQ.
GRAUBARD MILLER
*Attorneys for MP222, LLC*
405 Lexington Avenue
New York, New York 10174
Telephone No.: 212- 818-8800
Fax No. 212-818-8881


JOHN A. COLEMAN, JR., ESQ.
FRIEDBERG, COHEN, COLEMAN
& PINKAS, LLP
*Attorneys for 222 East 95th Street*
*Owners Corp.*
444 Madison Avenue
New York, New York 10022
Telephone No.: 212--829-9090
Fax No. 212-829-0999


MICHAEL A. CARDOZO, ESQ.

MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the City
of New York
*Attorney for the Department of Social*
*Services of the City of New York and the*
*New York City Department of*
*Finance*

By:_____
  MARIAN MASS, ESQ.
Assistant Corporation Counsel
100 Church Street, Room 3-249
New York, New York 10007
Telephone No.:  212- 788-1618
Fax No. 212-788-8871

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
*Attorney for the United States*
*of America*

By: _____
KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.:  212- 637-2710
Fax No.  212-637-2717

MICHAEL VOLLBRECHT, ESQ.
*Attorneys for Mason Tenders District*
*Council Welfare Fund, Pension Fund,*
*Annuity Fund, Asbestos Training*
*Program Fund, Industry Fund, Legal*
*Services Fund, Building Contractors*
*Advancement Program an and Paul D.*
*Ragone in his fiduciary capacity as*
*Administrator*
17 State Street
New York, New York 10004
Telephone No. 212-269-2500
Fax No. 212269-2540

33

MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the City
of New York
*Attorney for the Department of Social
Services of the City of New York and the
New York City Department of
Finance*

By:_____
   MARIAN MASS, ESQ.
Assistant Corporation Counsel
100 Church Street, Room 3-249
New York, New York 10007
Telephone No.:  212- 788-1618
Fax No. 212-788-8871


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
*Attorney for the United States
of America*


By:_____
   KATHLEEN A. ZEBROWSKI
   Assistant United States Attorney
   86 Chambers Street
   New York, New York 10007
   Telephone No.:  212- 637-2710
   Fax No.  212-637-2717


_____
MICHAEL VOLLBRECHT, ESQ.
*Attorneys for Mason Tenders District
Council Welfare Fund, Pension Fund,
Annuity Fund, Asbestos Training
Program Fund, Industry Fund, Legal
Services Fund, Building Contractors
Advancement Program an and Paul D.
Ragone in his fiduciary capacity as
Administrator*
17 State Street
New York, New York 10004
Telephone No. 212-269-2500
Fax No. 212269-2540

33

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
*Attorney for the United States*
*of America*

By:_____
KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.:  212- 637-2710
Fax No.  212-637-2717

_____
MICHAEL VOLLBRECHT, ESQ.
*Attorneys for Mason Tenders District*
*Council Welfare Fund, Pension Fund,*
*Annuity Fund, Asbestos Training*
*Program Fund, Industry Fund, Legal*
*Services Fund, Building Contractors*
*Advancement Program an and Paul D.*
*Ragone in his fiduciary capacity as*
*Administrator*
17 State Street
New York, New York 10004
Telephone No. 212-269-2500
Fax No. 212269-2540

So Ordered:


_____
UNITED STATES DISTRICT COURT JUDGE
March     , 2008

33

STATE OF NEW YORK    )

                            )ss.:

COUNTY NEW YORK    )

On the 22h day of March in the year 2008 , before me, the undersigned, a notary public in and for said State, personally appeared JAMES RUSSO,  personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person , upon behalf of which the individual acted, executed the instrument.

Notary Public

KATHLEEN ANDRILLO
Notary Public, State of New York
No. 01AN6177392
Qualified In Richmond County
Commission Expires Nov. 13, 2011

STATE OF NEW YORK    )

                            )ss.:

COUNTY NEW YORK    )

On the 22h day of March in the year 2008 , before me, the undersigned, a notary public in and for said State, personally appeared JAMES A. RUSSO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacities and that by his signature on the instrument, the individual, or the persons upon behalf of which the individual acted, executed the instrument.

Notary Public

KATHLEEN ANDRILLO
Notary Public, State of New York
No. 01AN6177392
Qualified In Richmond County
Commission Expires Nov. 13, 2011

34