```
    CCOAMINI              SUPREME COURT - STATE OF NEW YORK        DATE: 11/28/2007
INDEX NO: 400650 2007          NEW YORK COUNTY CLERK               TIME: 10:40:51
PURCHASE: 02282007          CIVIL INDEX MINUTE BOOK INQUIRY

PLAINTIFF NAME: FAUNTLEROY KAREEM    DEFENDANT NAME: ONE POLICE PLAZA
     ATTORNEY: UNKNOWN                    ATTORNEY: UNKNOWN


SEQ  DATE                   MINUTES
0001 02282007                VERIFIED PETITION
                             POOR PERSON'S ORDER


                              PAGE -   1
```

52

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK : SPECIAL TERMS
---

IN THE MATTER OF THE APPLICATION OF
KAREEM FAUNTLEROY 96A6869                    07400650

             Petitioner, Pro se.     VERIFIED
For A Judgment under Article 78 of            PETITION
THE Civil Practice Law and Rules

      — against —                          RJI#_____

                                             Index No_____

One Police Plaze New York City, FOIL
Record Access Officer Hippolyte, Record Access
Officer James Russo, Record Access Appeals      FILED
Officer Jonathan David, Corporation Counsel,   FEB 28 2007
                           Respondents.  NEW YORK COUNTY CLERK'S
---

TO THE SUPREME COURT OF THE STATE
OF NEW YORK for the COUNTY OF NEW YORK:

(pg 18-6)

The Petition of KAREEM FAUNTLEROY complain of Respondents, respectfully alleges and show that:

1) This is a special proceeding brought pursuant to Article 78 of the Civil Practice.

2) Petitioner, KAREEM FAUNTLEROY is currently incarcerated in the Shawangunk Correctional Facility serving consecutive sentences of twenty-five years to life a total of fifty year to life imprisonment. Said sentences were imposed after seperate jury trials upon which Petitioner was convicted of Homicide in the Second degree, and Robbery in the first degree, CPWeapon an 2nd & 3rd Degresses; Petitioner was tried under indictment number 9504/95 upin Kings County

(19-a)

3) Petitioner commences this action with regard to indictment number 9504/95. The City of New York, Cummunication Bureau's, record Access officer assign, Hippolyte, or and Mr. James Russo, to petitioner (F.O.I.L Documents request;

4) Pursuant To CPLR section 7804 and 506 (B) or some section, Venue of this proceeding is in the County of New York, City of New York, where respondent's conduct their daily and general business, and where respondents main offices are located, and no final determination was made on Petitioner (FOIL) request, petitioner is now submitting an Article 78.

5) This petitioner challenges the none decision made on the F.O.I.L request see exhibit "A" dated

(20-A)

June 27, 2006, by respondents Hippolyte, also Jame Russo, also see exhibit "B", in their capacity as (F.O.I Record Access officers (RAo), Also the none final determination made on petitioner F.O.I.L. request See exhibit's A,B,C,D.

Also, an appeal letters was sent to the (FOIL Appeals person (twice), at One Police Plaze, New York, New York, Mr Jonathan David, and he also failed to make a final determination on petitioner (FOIL) request, Dated Appeal, December 8, 2006, and January 2, 2007 (see exhibit's "C,D"). Their was no acknowledgment of my (FOIL) Appeals letters petitioner sent to him, within ten business day by Mr. Jonathan David, which establish an constructive denial and all avenue is exhausted, also which

(21-G)

respectively establish a denial to petitioner Access to the requested (F.O.I.L) - Witnesses [A] - promise of Liniency, or deals made in exchange for co-operation [B] Prior and present Criminal history (RAP sheets) 2 Law enforcement Officials [A] Police notes, reports and documents prepared by the district Attorney assign and assistance of prosecutor the above case. [C] Dates and contents of plea agreements Cummunicated to defense counsel, and also District Attorney, of the persons who are witnesses in petitioner Criminal Trial (see Attach exhibits "F", "G", Mr. Mickey Mayo and Mr. George Allen). Petitioner claim is he has the right to the herein mention FOIL requested records, documents which clearly fall under the Public record doctrine. Petition also has a right to

the document as an interested Party.

6) Upon information and belief, possible deals were made, between the herein-mention witnesses, and members of the Prosecutorial staff, regarding related and unrelated pending case, which petitioner, Trial counsel, nor the jury were aware of during the pretrial or Trial.

## Parties

7) The Petitioner KAREEM FAUNTLEROY, is an inmate presently serving an total of fifty years to life of imprisonment in the state of New York as such, is in the care and custody of the New York State department of correctional service (hereinafter) referred to as (DOC). Petitioner is presently held at Shawangunk Correctional Facility, Post office Box 700, Wallkill, N.Y. 12589 Located in Ulster County.

8. Upon information and belief respondents Mr. Hippol and or James Russo, is the (F.O.I.L) record Access officers (Hereinafter referred to as (RAO), for the city of New York. In that capacity, they represent One Police Plaze in the city of New York, and never answered Petitioner's (F.O.I.L) request (see Attach A,B,C,D), specially everything requested for in my (F.O.I.L) request contain to Mr. Mickey Mayo and Mr. Georg Allen, no final determination was made.

9) Also an appeal letter was sent to the (F.O.I.L) Appeals officer person (twice), at One Police Plaze, Mr Jonathan David in New York County, City of New York, informing him of the (F.O.I.L) Access Officers Mr. Hippolyte, James Russo, none final determination on the petitioner (F.O.I.L) request.

Also, the (F.O.I.L) Appeals officers Mr. Jonathan David, failed to answer petitioner Appeal letters sent to him (see Attach exhibit's "C, D"), which he did not acknowledge my F.O.IL Appeal "within ten business days", which also establish an constructive denial, thus all avenuse are considered exhausted (see exhibit "E").

10) The Petitioner did not recieved a final decision "NOTICE FROM NO REPONDENTS" on the (F.O.I.L.) request the petitioner submitted, Hippolyte, Mr Jame Russo Record Access officers, and (F.O.I.L) Appeals officer (FAC Mr. Jonathan David. A Appeal letter was dated an sent out on December 8, 2006, and January 2, 2007 have (4) Four-months-120 days to file a Article 78, this clearly within that time frame.

## Dicussion

Respondents, Hippolyte, Jonathan David did not make a final determination, he/they did not satisfy the requirement to delineate the exemptions claimed under existing law, no decision was never submitted.

Petitioner (F.O.I.L) request, "state" specificlly indicated herein request the following production of any and all records or information generated, prepared communicated, sent or received relating to "Mr. Mickey Mayo" and "Mr. George Allen" within the jurisdiction of Kings County.

"Mr. Mickey Mayo and "Mr George Allen", testifie on the prosecutor behalf by obtaining a co-operation agreement, "Between August 2, 1995 and October

15, 1996"

1. Witnesses 1 [A] Promise of leniency or deals made in exchange for co-operation. [B]-Prior and present criminal history "Rap sheets" [2]- Law enforcement officials: [A] Police notes, Reports and documents Prepared by the district Attorney assigned and assistance to prosecutor the above case. [C] Dates and content of Plea agreements communicated to defense Counsel, and also District Attorney (see Attach Exhibit "A")

Mr Hippolyte, or and Mr. James Russo Record Access officers never stated no exemptions to my F.O.I.L claim, because they never answered my (FOIL) request, that also establish a constitute denial to Petitioners F.O.I.L. request (see exhibit "E") which they concede to my F.O.I.L request.

(27-G)

Supreme Court Records OnLine Library - page 10 of 17

Agreements between intra-agencies and their policies cannot be binding, if those agreements are indirect contraposition with existing statutory laws. Legislatively Mandated Laws can not be so summarily dismissed, based upon administrative agreements. The documents requested by Petitioner fall within (F.O.I.L) guidelines and clearly fall outside it mandated exemptions.

An agency may not simply withhold any information it please it is required to articulate particlarized and specific justification and, if necessary, submit the requested material to the court for in-camera inspection, to exempt its records form disclosure" <u>Matter of Fink v Lefkowitz</u>, 47 N.Y. 2d 567 (1979).

There is no justification for remittal for in-camera inspection. The Respondents resisting disclosure made no request for such inspection. The record contains

(28-Q)

no predicate on which an application therefore might have been based. Church of Scientology of New York v State Supra, 46 N.Y.2d 906 (1979)

Petitioner is not requesting medical records, credit histories, personnel records, or address listing, Law enforcement investigation procedure or results, confidential informants records. None of the guidelines therein as mandated, preclude Petitioner access to the material sought.

The witnesses testified in out court, there confidentiality agreements have lost their cloak and are available for inspection by a member of the public, See Moore v Santucci, 151 A.D.2d 677 (2nd Dept 1989); Werfel v Fitzgerald, 23 A.D.2d 306 (2nd dept 1965); also, see Thompson v Weinsten, 150 A.D.2d 782 (2nd dept 1989); Woody v Kings County District Attorney's off, 651 NYS2d 595 (2nd Dept 1996); Petitioner was entitled to these documents at trial, therefore,

(29-G)

he is entitled to said information upon appropriate fees. (Billups v Santucci, 151 A.D. 2d 663 (2d dept 1989) without regard to status, need good faith or purpose requesting access. Moore v. Santucci supra; Brownell v Grady 147 Misc. 2d 105 (Sup. Ct Dutchess Co. 1990)

The U.S. Supreme Court has enunciated the Principle that: "What transpired in the Court room is public property." Craig v Harney, 67 S.ct 1249, 1254 (1947). See, Cox Broadcasting Corporation v Cohn, 95 S.ct 1029 (1975).

FOILS mandate of open disclosure require that agency's public records remain as available to it litigation adversary as to any person. McKinney's Public office Law, Section 84 et seq, and CPLR, Section 3010 et seq.

Also, there was an appeal letter sent to

the F.O.I.L. Appel officer, Mr Jonathan David Dated on December 8, 2006 and January 2, 2007, from the petitioner see exhibit "C,D", and he failed to respond, which establish a constructive denial.

Where, the acknowledgment of a F.O.I.L Appeal must be provided "within ten business days of it recipt" otherwise, failure to comply will be considered an constructive denial, thus all Avenues are considers exhausted. See <u>Floyd v. McGuire</u>, 452 NYS.2d 416. Also (See Attach exhibit "E")

Under the freedom of information Law (F.O.I.L), any person may request and recieve documents Kept, held, filed by a government agency in any physical form whatsoever, see Case cite; 760 N.Y.S.2d 431, Quote; 513 N.Y.S.2d 367. The petitioner is entitled to all the (requested F.O.I.L) under public office Law 84 et seq.

(31-Q)

WHERE, PRAYS for an order voiding the none determination by All respondents; and directing the disclosure of the F.O.I.L. requested documents, records to the petitioner and granting such other and further relief as the court may deem just and proper.

Sworn To before this
23rd day of January 2007

_____
Notary Public



PETER M. HORAN
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN DUTCHESS COUNTY
NO. 01HO5020523
COMMISSION EXPIRES FEB. 13, 2010

Ka Tilly 96A4849
Shawangunk Correctional Fac.
P.O. Box 700
Wallkill, N.Y. 12859

KAREEM FAUNTLEROY       Plaintiff

against

One Police Plaza New York City F.O.I.L.
James Russo and Jonathan David       Defendant
———————————————————————X

STATE OF NEW YORK )
                  ) SS.:
COUNTY OF Ulster  )

I, KAREEM FAUNTLEROY, being duly sworn, depose and say that: I am the in the within action for Article 78; I have read the foregoing Complaint and know the contents thereof, the contents of the Complaint are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1.

*[signature]*

Subscribed and sworn to before me
on 2-22-07

*[signature]* Frances Woodruff
Notary Public
My commission expires on

FRANCES WOODRUFF
Notary Public In the State of New York
Qualified in Ulster County No. 4953152
My Commission Expires July 200_

LTD 93

SWORN.DOC

68

*(Page rotated 90°; form is a New York Supreme Court Notice of Settlement / Order to Show Cause)*

INDEX NO. _____
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Kareem Fauntleroy
Blinkett/Petitioner (Bennett crossed out)

-v- New York City
P.O.L.I.C.E. Record Access Officer Hippolyte;
Record Access Officer James Russo; Record
Access Appeal Officer Jonathan Davis

ORDER to show cause

Name: Kareem Fauntleroy #96-A-6498
Address: Shawangunk C.F., P.O. Box 700, Wallkill

One Police Plaza

***** NOTICE OF SETTLEMENT *****
Please take notice that an order

Sir/Madam:
Please take notice that the within is a (certified) true copy of a
_____ duly entered in the office of the clerk of the
within named court on _____, 199__.

Dated:
                          Yours, etc.

Attorney for _____
_____
Office and Post Office Address

To
Attorney(s) for

****** NOTICE OF SETTLEMENT ******
Sir/Madam:
Please take notice that an order
of which the within is a true copy will be presented for settlement to
the Hon. _____ one of the justices of the within
named court, at _____
on _____, 199__, at _____ M.

Dated:
                          Yours, etc.

Attorney for _____
_____
Office and Post Office Address

To
Attorney(s) for

Telephone No.: _____

Service of a copy of the within
is hereby admitted.

Dated: _____
Attorney for _____