CCOAMINI
SUPREME COURT - STATE OF NEW YORK
NEW YORK COUNTY CLERK
CIVIL INDEX MINUTE BOOK INQUIRY

INDEX NO: 402779 2007
PURCHASE: 05022007

DATE: 11/28/2007
TIME: 10:41:03

PLAINTIFF NAME: COVINGTON JOHN
    ATTORNEY: UNKNOWN

DEFENDANT NAME: SULTANA JOHN C
    ATTORNEY: UNKNOWN

| SEQ | DATE | MINUTES |
|-----|------|---------|
| 0001 | 05022007 | VERIFIED PETITION |
| | | POOR PERSON'S ORDER |
| 0001 | 10012007 | ORDER IAS PART 17 SEQ 001 MOTION DENIED |

PAGE -   1

70

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------x
JOHN COVINGTON          DIN # 98A7353

                        Petitioner,

For a Judgment pursuant to Article 78 of the Civil
Practice Law and Rules

        -against-
SERGEANT JOHN C. SULTANA, SERGEANT JAMES
RUSSO, INVESTIGATOR HIPPOLYTE

                     Respondent(s).
-------------------------------------------------------x

Verified Petition
RJI No. __07402779__

Index No. _____

TO THE SUPREME COURT OF THE STATE OF NEW YORK:

**FILED** MAY 02 2007 NEW YORK COUNTY CLERK'S OFFICE

    The petition of _____JOHN COVINGTON #98A7353_____ respectfully alleges that:

    1)    This is a special proceeding brought pursuant to Article 78 of the Civil Practice Law and Rules (CPLR).

    2)    The above named petitioner is an inmate in the custody and care of the New York State Department of Correctional Services and presently incarcerated at: **AUBURN**

    3)    Upon information and belief, the respondent is **SGT. JOHN C. SULTANA, ET.AL.,** And has the authority to review decisions of his/her subordinates.

    4)    The petitioner challenges **THE RESPONDENTS FOR FAILING TO PROVIDE ME WITH THE INFORMATION, THAT I HAVE REQUESTED PURSUANT TO FOIL.**

    5)    The facts supporting Petitioner's claim are as follows: **SEE ATTACHED SHEET P-1a.**

P-1

71

ON AUGUST 29, 2006 I SENT A FOIL REQUEST DATED AUGUST 27, 2006 TO ONE POLICE PLAZA TO OBTAIN THE ACTUAL MEMO BOOKS AND NOTES OF TWO CRIMES WHICH ALLEGEDLY TOOK PLACE ON JANUARY 17, AND JANUARY 27, 1998 (SEE ATTACHED EXHIBIT A).

SUBSEQUENTLY ON NOVEMBER 1, 2006 I WAS NOTIFIED BY SERGEANT JAMES RUSSO OF ONE POLICE PLAZA, THAT MY FOIL REQUEST WAS RECEIVED, AND THAT A DETERMINATION TO MY REQUEST WOULD BE REACHED BY JANUARY 20, 2007 BY INVESTIGATOR HIPPOLYTE (SEE ATTACHED EXHIBIT B).

THUS PURSUANT TO THE ABOVE COMMUNICATION, I SENT A FOLLOW-UP LETTER ONCE TO ONE POLICE PLAZA, AND TWICE TO INVESTIGATOR HIPPOLYTE. NOTIFYING HIM, THAT I INTEND TO FILE AN ART. 78 PETITION IN THE EVENT THAT MY FOIL REQUEST WAS NOT RESPONDED TO. I ALSO PROVIDED INVESTIGATOR HIPPOLYTE ADDITIONAL INFORMATION TO HELP TOWARDS LOCATING THE INFORMATION THAT I REQUESTED (SEE ATTACHED EXHIBIT C).

2. THAT THE RESPONDENT FAILURE TO RESPOND TO MY REQUEST IN A SUFFICIENT PERIOD OF TIME IS DEEMED A CONSTRUCTIVE DENIAL OF MY REQUEST. THUS BEINGS THAT IT HAS BEEN OVER 120 DAYS SINCE I MADE MY REQUEST, AND THE RESPONDENTS HAVE NOT RESPONDED. MY ADMINISTRATIVE APPEAL REMEDIES ARE DEEMED EXHAUSTED, SEE MATTER OF KEVIN KENNEDY V. NEW YORK CITY POLICE DEPARTMENT, SUPREME COURT, NEW YORK COUNTY, JUSTICE DEGRASSE - QDS: 22266470 (NY LAW JOURNAL, NOVEMBER 2, 2000, PAGE 26).

3. THAT PURSUANT TO GOULD V. NEW YORK CITY POLICE DEPARTMENT, 89 N.Y.2d 267, 653 N.Y.S.2d 54 (1996) PETITIONER IS ENTITLED TO THE RECORDS SO SOUGHT.

P-1a

72

6) Petitioner exhausted his administrative remedies by : NOTIFYING ONE POLICE PLAZA ON OCTOBER 5, 2006 TO WHOM I MAY APPEAL TO REGARDING THE DENIAL OF MY REQUEST (SEE ATTACHED EXHIBIT C).

7) No previous application has been made for the relief requested herein.

WHEREFORE, the petitioner requests that a judgment under article 78 be granted, directing:

1)  THAT THE RESPONDENTS PROVIDE TO ME THE INFORMATION, THAT
    I HAVE REQUESTED PURSUANT TO FOIL.

P- 2

73

2) _____

_____

_____

_____

3) _____

_____

_____

_____

AND for any other relief that this court deems just and proper.

DATED: APRIL 9, 2007

Sign: _John Covington_

(Print Name and Address)

JOHN COVINGTON #98A7353

AUBURN CORRECTIONAL FACILITY

P.O. BOX 618

AUBURN, NY 13024

Sworn to Before Me This 9
Day of _April_ , 200 7

Robert W. Burdick
Notary Public, State of New York
01BU6090720
Qualified in Cayuga County
Commission Expires 04/21/2007

_____

Notary Public

P-3

74

STATE OF NEW YORK
SUPREME COURT -- COUNTY OF NEW YORK
------------------------------------------------------X

*In the Matter of the Application of:*
JOHN COVINGTON# 98A7353 ,

                 Petitioner,

For a Judgment Pursuant Article 78,
of the Civil Practice Law and Rules,

                                        **VERIFICATION**

     - against -
                                        INDEX NO. _____
SERGEANT  JOHN  C.  SULTANA,  SERGEANT
JAMES RUSSO, INVESTIGATOR HIPPOLYTE

----------------------------------------------,

                 Respondent.
------------------------------------------------------X

JOHN COVINGTON , being duly sworn deposes and say that:

     I am the affiant in the instant proceeding, and have read the foregoing petition for an Order to Show Cause, and all papers submitted by me, and in my behalf, and know the contents therein; "that the same is true and accurate to the best of my knowledge and belief, except as to those matters stated upon information and belief, and as to those matters, I believe to be true, based upon what is presently know and understood by me, as true and accurate.

Dated: APRIL     9 , 2007

                                    Respectfully,

                                    *John Covington*
                                    JOHN  COVINGTON
                                    #98A7353
                                    Auburn Correctional Facility
                                    P.O. Box 618
                                    Auburn, N.Y. 13024

Subscribe to before me this

5 day of April , 2007

*Robert Burdick*
NOTARY PUBLIC

                       Robert W. Burdick
                       Notary Public, State of New York
                       01BU6090720
                       Qualified in Cayuga County
                       Commission Expires 04/21/2007

75

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x

JOHN COVINGTON           DIN # 98A7353

                                    Petitioner,

For a Judgment pursuant to Article 78 of the Civil          Verified Petition
Practice Law and Rules                                      RJI No. 07402779

                                                            Index No. _____

         -against-
SERGEANT JOHN C. SULTANA, SERGEANT JAMES
RUSSO, INVESTIGATOR HIPPOLYTE
------------------------------------------------------------
                                    Respondent(s).
------------------------------------------------------------x

TO THE SUPREME COURT OF THE STATE OF NEW YORK:

      The petition of _____ JOHN COVINGTON #98A7353 _____ respectfully alleges that:

      1)      This is a special proceeding brought pursuant to Article 78 of the Civil Practice
Law and Rules (CPLR).

      2)      The above named petitioner is an inmate in the custody and care of the New York
State Department of Correctional Services and presently incarcerated
at: AUBURN

      3)      Upon information and belief, the respondent is SGT. JOHN C. SULTANA, ET.AL.,
And has the authority to review decisions of his/her subordinates.

      4)      The petitioner challenges THE RESPONDENTS FOR FAILING TO PROVIDE

ME WITH THE INFORMATION, THAT I HAVE REQUESTED PURSUANT TO

FOIL.

      5)      The facts supporting Petitioner's claim are as follows: SEE ATTACHED

SHEET P-1a.

P-1

FILED MAY 02 NEW YORK COUNTY CLERK'S OFFICE

76

ON AUGUST 29, 2006 I SENT A FOIL REQUEST DATED AUGUST 27, 2006 TO ONE POLICE PLAZA TO OBTAIN THE ACTUAL MEMO BOOKS AND NOTES OF TWO CRIMES WHICH ALLEGEDLY TOOK PLACE ON JANUARY 17, AND JANUARY 27, 1998 (SEE ATTACHED EXHIBIT A).

SUBSEQUENTLY ON NOVEMBER 1, 2006 I WAS NOTIFIED BY SERGEANT JAMES RUSSO OF ONE POLICE PLAZA, THAT MY FOIL REQUEST WAS RECEIVED, AND THAT A DETERMINATION TO MY REQUEST WOULD BE REACHED BY JANUARY 20, 2007 BY INVESTIGATOR HIPPOLYTE (SEE ATTACHED EXHIBIT B).

THUS PURSUANT TO THE ABOVE COMMUNICATION, I SENT A FOLLOW-UP LETTER ONCE TO ONE POLICE PLAZA, AND TWICE TO INVESTIGATOR HIPPOLYTE. NOTIFYING HIM, THAT I INTEND TO FILE AN ART. 78 PETITION IN THE EVENT THAT MY FOIL REQUEST WAS NOT RESPONDED TO. I ALSO PROVIDED INVESTIGATOR HIPPOLYTE ADDITIONAL INFORMATION TO HELP TOWARDS LOCATING THE INFORMATION THAT I REQUESTED (SEE ATTACHED EXHIBIT C).

2. THAT THE RESPONDENT FAILURE TO RESPOND TO MY REQUEST IN A SUFFICIENT PERIOD OF TIME IS DEEMED A CONSTRUCTIVE DENIAL OF MY REQUEST. THUS BEINGS THAT IT HAS BEEN OVER 120 DAYS SINCE I MADE MY REQUEST, AND THE RESPONDENTS HAVE NOT RESPONDED. MY ADMINISTRATIVE APPEAL REMEDIES ARE DEEMED EXHAUSTED, SEE MATTER OF KEVIN KENNEDY V. NEW YORK CITY POLICE DEPARTMENT, SUPREME COURT, NEW YORK COUNTY, JUSTICE DEGRASSE - QDS: 22266470 (NY LAW JOURNAL, NOVEMBER 2, 2000, PAGE 26).

3. THAT PURSUANT TO GOULD V. NEW YORK CITY POLICE DEPARTMENT, 89 N.Y.2d 267, 653 N.Y.S.2d 54 (1996) PETITIONER IS ENTITLED TO THE RECORDS SO SOUGHT.

P-1a

77

6) Petitioner exhausted his administrative remedies by : NOTIFYING ONE POLICE PLAZA ON OCTOBER 5, 2006 TO WHOM I MAY APPEAL TO REGARDING THE DENIAL OF MY REQUEST (SEE ATTACHED EXHIBIT C).

7) No previous application has been made for the relief requested herein.

WHEREFORE, the petitioner requests that a judgment under article 78 be granted, directing:

1) THAT THE RESPONDENTS PROVIDE TO ME THE INFORMATION, THAT I HAVE REQUESTED PURSUANT TO FOIL.

P- 2

78

2) _____

_____

_____

_____

3) _____

_____

_____

_____

AND for any other relief that this court deems just and proper.

DATED: APRIL 9, 2007

Sign: *John Covington*

(Print Name and Address)    JOHN COVINGTON #98A7353

AUBURN CORRECTIONAL FACILITY

P.O. BOX 618

AUBURN, NY 13024

Sworn to Before Me This 9
Day of *April*, 200 7

*Robert W. Burdick*

Notary Public

Robert W. Burdick
Notary Public, State of New York
01BU6090720
Qualified in Cayuga County
Commission Expires 04/21/2007

P-3

79

STATE OF NEW YORK
SUPREME COURT -- COUNTY OF NEW YORK
-----------------------------------------------------------X
*In the Matter of the Application of:*
JOHN COVINGTON# 98A7353____,

                         Petitioner,

For a Judgment Pursuant Article 78,
of the Civil Practice Law and Rules,           **VERIFICATION**

         - against -            **INDEX NO.** _____
SERGEANT JOHN C. SULTANA, SERGEANT
JAMES RUSSO, INVESTIGATOR HIPPOLYTE

                          _____,

                    Respondent.
-----------------------------------------------------------X

    JOHN COVINGTON , being duly sworn deposes and say that:

    I am the affiant in the instant proceeding, and have read the foregoing petition for an

Order to Show Cause, and all papers submitted by me, and in my behalf, and know the contents

therein; "that the same is true and accurate to the best of my knowledge and belief, except as to

those matters stated upon information and belief, and as to those matters, I believe to be true,

based upon what is presently know and understood by me, as true and accurate.

Dated: APRIL _____, 9 , 2007

                                     Respectfully,

                                     *John Covington*
                                     JOHN COVINGTON
                                     #98A7353
                                     Auburn Correctional Facility
                                     P.O. Box 618
                                     Auburn, N.Y. 13024

Subscribe to before me this

  5 day of *April* , 2007

    *Robert W. Burdick*
    NOTARY PUBLIC

                  Robert W. Burdick
                  Notary Public, State of New York
                  01BU6090720
                  Qualified in Cayuga County
                  Commission Expires 04/21/2007

80

CCOAMIN            SUPREME COURT - STATE OF NEW YORK            DATE: 11/28/2007
INDEX NO: 402872 2007                NEW YORK COUNTY CLERK            TIME: 10:41:29
PURCHASE: 05092007            CIVIL INDEX MINUTE BOOK INQUIRY

PLAINTIFF NAME: TAYLOR BILLY            DEFENDANT NAME: RUSSO JAMES
         ATTORNEY: UNKNOWN                        ATTORNEY: UNKNOWN


SEQ  DATE                    MINUTES
0001 05092007                PETITION
                             POOR PERSON'S ORDER


                        PAGE -   1

81

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MANHATTAN

In The Matter Of Application of                          PETITION.

BILLY TAYLOR,                                            INDEX NO. _____

                              Petitioner,                PRO SE

For A Judgment Pursuant To Article 78
Of The Civil Practice Law And Rules

         -AGAINST-

JAMES RUSSO, Sergeant OF NEW YORK CITY
POLICE    DEPARTMENT ------ FREEDOM OF
INFORMATION LAW - RECORDS ACCESS UNIT,

                              Respondent.

FILED
MAY 09 2007
NEW YORK
COUNTY CLERKS

07402872

To: THE SUPREME COURT OF THE STATE OF NEW YORK FOR
    MANHATTAN COUNTY:

   The Petition of Billy Taylor, complaining of the Respondent James
Russo, respectfully alleges:

   1). This is a special proceeding brought pursuant to  Article 78
Of The Civil Practice Laws And Rules (CPLR).

   2). That the petitioner is presently an inmate at Fishkill
Correctional Facility located at P.O. Box 1245, Beacon, N.Y. 12508,
and in the care and custody of the New York State department of
Corrections, serving an indeterminate prison sentence imposed by a
Court of New York State.

Supreme Court Records OnLine Library - page 1 of 5

82

3). Respondent, James Russo, is the FOIL's access Officer for the New York City Police Department located at One Police Plaza, New York, N.Y. 10038. He is charged with the duty to make the records accessible to the Public/Petitioner as long as they do not fall within the enumerated exceptions of the Public Officers Law Sec. 87(2).

4). The Petitioner challenges the denial of his FOIL's request of May 5, 2006, that was denied on January 22, 2007. Respondent James Russo, after reviewing the FOIL's request sent Petitioner a letter on December 4, 2006, stating: "that the item(s) requested are to broad in nature and do not reasonably describe documents to enable a search for such records." Respondent James Russo, explained that he needed type, voucher, name of chemist ETC.. (See Exhibit 1).

5). The petitioner thereafter sent Respondent James Russo a letter on December 11, 2006, listing the specific information to enable Sergeant Russo, to wit: "A copy of the chemist - laboratory report (drug analyze) test done on the heroin to measure its purity and weight in my case." (See Exhibit 2). This surely was enough information to allow a search and locate the document requested.

6). Respondent after receiving the letter of Dec. 11, 2006, denied Petitioner's request January 22, 2007, stating that: "Requested item(s) are too broad in nature and do not reasonably describe any documents to search for such record. (See Exhibit 3).

7). Thereafter, Petitioner filed a timely administrative appeal with the Records Access Appeals Officer Jonathan David, on February

83

8, 2007. On March 21, 2007, the appeal was denied upon the following grounds: "The appeal is denied because the records Access Officer correctly determined that your request was too broad in that it did not provide sufficient description of the requested record. Thus, the request did not reasonably describe a record as required by Public Officers Law Sec. 89(3)." (See Exhibit 4).

8). Respondent's determination is arbitrary, captious and an abuse of discretion because the request by Petitioner on May 5, 2006, December 11, 2006, and February 8, 2007, all support the fact that Petitioner did in fact describe a document that would allow Respondent, Sergeant James Russo to search and locate the material requested. Thereby making the decision irrational and bordering on impropriety See (Administrative appeal brief Exhibit "5"), for legal argument.

9). No previous application has been made for the requested relief.

WHEREFORE, your petitioner respectfully requests that judgment be entered pursuant to Article 78 of the Civil Practice Law and Rules:

1). VACATING and setting aside Respondent's determination of January 12, 2007 and appeal affirmance of March 21, 2007, denying Petitioner access to his Police records under FOIL's;

2). DIRECTING Respondent to search their files for the document/record requested by Petitioner and thereafter if located to make the document available to Petitioner as long it does not fall with one of the enumerated exemptions of Public Officers Law

84

Sec. 87(2) as required by law; and

3). GRANTING such other and further relief as this Court may deem just and proper.

Respectfully submitted

*S. Tay*

Billy Taylor ------- 83-A-4833
Fishkill Correctional Facility
Box 1245 -- 271 Matteawan Road
Beacon,    New York    12508

Supreme Court Records OnLine Library - page 4 of 5

85

VERIFICATION

STATE OF NEW YORK )
                  ) s.s.:
COUNTY OF DUTCHESS)

~~Billy Taylor~~ _____ being duly sworn, deposes and says that he is the Petitioner in the within proceeding and that he has read the foregoing Petition and knows the contents thereof; that the same is true to his own knowledge except as to matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true.

_S. Tong_

SWORN TO BEFORE ME THIS 21st

DAY OF ___April___, 2007

NOTARY PUBLIC

COLLEEN M. MANNING
Notary Public, State of New York
No. 4955764
Qualified in Dutchess County
Term Expires ____April 1st, 2009

86

CCOAMIN                SUPREME COURT OF NEW YORK
INDEX NO: 111416 2002              NEW YORK COUNTY CLERK              DATE: 11/28/2006
PURCHASE: 05302002          CIVIL INDEX MINUTE BOOK INQUIRY          TIME: 10:39:16

PLAINTIFF NAME: DANIEL RICHARD          DEFENDANT NAME: INSTANT WHIP OF NEW
     ATTORNEY: HOWARD SHEVRIN, ESQ          ATTORNEY: UNKNOWN
               123-60 83RD AVENUE
               KEW GARDENS, N.Y.
               718-261-3075

SEQ  DATE               MINUTES
0001 05302002           SUMMONS AND COMPLAINT


0001 07102002           AFFIDAVIT
                        SUMMONS AND VERIFIED COMPLAINT

0002 07102002           AFFIDAVIT OF SERVICE OF SUMMONS(2)


0001 07182002           NOTICE & AFFIDAVIT OF SERVICE


0001 09052002           AFFIDAVIT


0001 01292003           CASE SCHEDULING ORDER


0001 02052003           LETTER


0001 06172003           STIPULATION



                    PAGE -   1

87

𝕾𝖚𝖕𝖗𝖊𝖒𝖊 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝖙𝖍𝖊 𝕾𝖙𝖆𝖙𝖊 𝖔𝖋 𝕹𝖊𝖜 𝖄𝖔𝖗𝖐
𝕮𝖔𝖚𝖓𝖙𝖞 𝖔𝖋 𝕹𝖊𝖜 𝖄𝖔𝖗𝖐

02111416

Index No.

Date purchased:
Plaintiff designates
NEW YORK
County as the place of trial.

---

RICHARD DANIEL

        Plaintiff,

   -against-

INSTANT WHIP NEW YORK INC., and
JAMES RUSSO,

        Defendants.

---

The basis of the venue is
Plaintiff's residence

𝕾𝖚𝖒𝖒𝖔𝖓𝖘

Plaintiff resides at
133 W. 90th Street, Apt. 19B
New York, NY 10024
County of NEW YORK

To the above named Defendants:

   𝓨𝓸𝓾 𝓪𝓻𝓮 𝓱𝓮𝓻𝓮𝓫𝔂 𝓼𝓾𝓶𝓶𝓸𝓷𝓮𝓭 to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Kew Gardens, New York
   April 3, 2002

             HOWARD SHEVRIN, ESQ.
             Attorney for Plaintiff
             Office and Post Office Address
Defendant's Address:        123-60 83rd Avenue
Instant Whip: 32-26 62nd Street    PO Box 310
      Woodside, NY 11377    Kew Gardens, NY 11415
             (718) 261-3075
James Russo: 515 Chestnut Street
      Lakewood, NJ 08701

FILED
MAY 30 2002
NEW YORK
COUNTY CLERK'S OFFICE

88

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

02111416

------------------------------------------------------------------------X

RICHARD DANIEL,

Plaintiff,

**COMPLAINT**

- against -

Index No.:

INSTANT WHIP NEW YORK INC., and
JAMES RUSSO,

Defendants.

------------------------------------------------------------------------X

Plaintiff, complaining of the defendants, by his attorney, HOWARD SHEVRIN, ESQ., alleges:

*FIRST*:    That at all times hereinafter mentioned, defendant, INSTANT WHIP NEW YORK INC., is a duly organized corporation.

*SECOND*:    That at all times hereinafter mentioned, defendant, INSTANT WHIP NEW YORK INC., was the owner of a 1996 Ford motor vehicle bearing registration number M930SA for the year 2001.

*THIRD*:    That at all time hereinafter mentioned, defendant, JAMES RUSSO, operated and controlled the aforesaid motor vehicle while the same was in the garage of the Beth Israel Medical Center located at East 17th Street and First Avenue, County of New York, City and State of New York, with the knowledge, permission and consent of the owner INSTANT WHIP NEW YORK INC.

*FOURTH*:    That plaintiff, RICHARD DANIEL, operated and controlled a 1997 Ford motor vehicle at said location.

*FIFTH*: That on or about the 30th day of October, 2001 at or about the aforementioned location, the vehicle owned by INSTANT WHIP NEW YORK INC., and operated and controlled by defendant, JAMES RUSSO, went out of control and struck the vehicle plaintiff, RICHARD DANIEL, was operating, causing the plaintiff, RICHARD DANIEL, to be injured.

*SIXTH*: That said personal injuries and damages sustained by the plaintiff, RICHARD DANIEL, were caused through the careless, reckless and negligent manner in which the defendants herein operated and controlled said motor vehicle; in operating and controlling said vehicle at an excessive rate of speed; in failing to keep a safe and proper distance from the vehicle in front; in driving with a complete disregard of the existing conditions; in failing to operate a motor vehicle within the designated lanes; in failing to have said vehicle under proper and reasonable control; in driving a motor vehicle with defective brakes; in driving a motor vehicle that was in a defective and negligent condition; in failing to give warning of its approach; in failing to keep a proper lookout ahead; in maintaining and operating said vehicle in a careless, reckless and dangerous fashion; in failing to heed the traffic conditions then and there existing; and in allowing their vehicle to be operated in violation of the laws of the City and State of New York, then and now in full force and effect and, in such cases, made and provided.

*SEVENTH*: That as a result of the foregoing, plaintiff, RICHARD DANIEL, was caused to sustain personal injuries and suffer mental anguish and physical pain, as well as nervous shock and was rendered, sick, sore, lame and disabled, and was unable to attend to his usual duties and was obliged to and did seek medical aid in an endeavor to be cured of his said injuries and, upon information and belief, some of said injuries will be permanent in nature and duration.

*EIGHTH*: That no act or omission on the part of the plaintiff caused or contributed to the occurrence of said accident and the resultant injuries.

2

90

*NINTH*: That plaintiff sustained serious, permanent injuries with consequential damages, and the injuries prevented said plaintiff from performing substantially all of the material acts which constitute each person's usual, customary, daily activities and has met the statutory requirements of the New York City and State Insurance Law of December, 1977.

*TENTH*: That the plaintiff, RICHARD DANIEL, has sustained serious injury as defined in Section 671(4) and Section 5102(d) of the insurance law as a result of this accident.

*ELEVENTH*: That as a result of said accident, plaintiff, RICHARD DANIEL, sustained damages in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

*WHEREFORE*, plaintiff, RICHARD DANIEL, demands judgment against the defendants, and each of them herein, in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated: Kew Gardens, New York
     April 3, 2002

                            Yours, etc.,

                            HOWARD SHEVRIN, ESQ.
                            Attorney for Plaintiff
                            Office & P.O. Address
                            123-60 83 Avenue
                            P.O. Box 310
                            Kew Gardens, NY  11415
                            (718) 261-3075

3

91

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DANIEL, RICHARD

vs

INSTANT WHIP New York
AND JAMES RUSSO

INDIVIDUAL ASSIGNMENT PART *22-DCM*

STIPULATION

INDEX NO. *111416/2002*

MOTION CALENDAR NO.

DATE *6/9/03*

IT IS HEREBY STIPULATED AND AGREED by and between the below-named attorney(s) as follows:

*Since defendant Russo died, the attorney for the defts estate will provide the plaintiff with Letters of Testamentary if they exist by July 7, 2003.*

*In light of the foregoing the plaintiff reserves his right to depose Instant Whip and a representative to of the estate.*

*Complaince conference to be held on July 14, 2003*

Date: *6/9/03*

So Ordered.

ENTER:

_____
J.S.C.

JUN 17 2003
NEW YORK
COUNTY CLERK

_____
Attorney for Plaintiff

_____
Attorney for Defendant

_____
Attorney for Defendant

SC-8G (rev 2/86)

92