```
CCOAMINI              SUPREME COURT - STATE OF NEW YORK        DATE: 11/28/2007
INDEX NO: 405860 2007         NEW YORK COUNTY CLERK            TIME: 10:41:46
PURCHASE: 07312007         CIVIL INDEX MINUTE BOOK INQUIRY

PLAINTIFF NAME: WALKER MAURICE     DEFENDANT NAME: RUSSO JAMES
     ATTORNEY: PRO SE                    ATTORNEY: UNKNOWN
               SEE COMMENT FOR FUL
               FULL ADDRESS
               FULL ADDRESS
SEQ  DATE                 MINUTES
0001 07312007             VERIFIED PETITION
                          POOR PERSON'S ORDER


                          PAGE -  1
```

93

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK COUNTY
------------------------------------------X

In the Matter of the Application of
    Maurice Walker

    Petitioner,                              VERIFIED PETITION

FOR A JUDGEMENT PURSUANT TO ARTICLE 78 OF
CIVIL PRACTICE LAW AND RULES,           INDEX # 07405860

    -Against-

                                        RJI #

Associate Investigator Hippolyte, Sergeant
James Russo, both of the FOIL Unit, and John
Doe, Records Access Appeals Officer, of the
FOIL Appeals Unit. (All are employed by the
N.Y.C. Police Department's Legal Bureau).

    Respondents.
------------------------------------------X



    TO THE SUPREME COURT OF THE STATE OF NEW YORK: NEW YORK COUNTY

    The Petition of Maurice Walker, respectfully alleges that:

    (1) This is Special Proceeding brought pursuant to Article 78 of the Civil Practice Law and Rules (CPLR).

## VENUE

    (2) Pursuant to CPLR 78 and 506, Venue of this proceeding is New York County because it is where Respondents action complained or originated.

    (3) Petitioner seeks an Order reversing the Respondents Constructive Denial of requested information by FOIL Unit Officers and Record Access Appeal Officer.

## PARTIES TO THIS ACTION

    (4) Petitioner, Pro Se, in the above captioned action

[Page 1 of 9]

is serving an indeterminate sentence of imprisonment in the New York's State Department of Correctional Service (DOCS), and is currently confined at Shawangunk Correctional Facility located at Post Office Box 700, Wallkill, N.Y. 12589.

(5) Respondents: Associate Investigator Hippolyte, Sergeant James Russo, (both of the FOIL Unit) and John Doe, Record Access Appeal Officer of the FOIL Appeals Unit, are employed by the N.Y.C. Police Department's Legal Bureau. They are legally responsible for promulgating, enforcing, maintaining access to all cases files in the N.Y.C. area, and adhering to Public Officers Law, § 84-89 (hereafter "POL").

## SUBJECT MATTER JURISDICTION

(6) The Petitioner moves this Court to declare as arbitrary, capricious, irrational and in violation of the ("POL") §84-89, the Respondent's (FOIL Unit Officers and Record Access Appeals Officer of the FOIL Appeal Unit) **Constructive Denial** of requested documents, and failure to address my FOIL request by their refusal to answer.

## STATEMENTS OF FACTS

(7) On January 4, 2006 (the year 2006 is incorrect it should read 2007) Petitioner sent a FOIL request to the N.Y.C. Police Department, 1 Police Plaza, N.Y.C., 10038, Freedom of Information Officer. (See Exhibit A) The Petitioner requested: specific documents; log book entries; copies of reports; subject matter index relating to testing, certificatory all the requested

[Page 2 of 9]

95

documents were pursuant to the ("POL") § 84-89.

(8) On January 12, 2007 (see Exhibit B) the Petitioner realized he put the wrong year on the FOIL request (2006 instead of 2007) the Petitioner made out replica FOIL request.

(9) On January 28, 2007 (see Exhibit C) the Petitioner wrote the Freedom of Information Officer and abreasted him that he sent two FOIL requests and further explained that the second FOIL request was sent due to the year was incorrect on the first FOIL request. As of the January 28, 2007 letter of the Petitioner there have been no response to his two prior FOIL requests. The Petitioner further stated, he hoped FOIL Officer would adhere to ("POL") and inform him of his either granting FOIL request or deny it.

(10) Thereafter on January 28, 2007, the Petitioner received a letter dated 1/23/07 (see Exhibit D) from James Russo, Sergeant. Therein Sergeant Russo acknowledged receiving the Petitioner's FOIL request 1/4/06 etc.. (the year 2006 is incorrect it should read 2007) and further stated: "It is anticipated that a determination will be reached on 5/9/07." Also advised Petitioner that Associate Investigator Hippolyte was assigned to handle the Petitioner's request and any further inquiries or correspondence should be addressed to his attention.

(11) On February 12, 2007 (see Exhibit E) the Petitioner wrote investigator Hippolyte in response to his 1/23/07 letter. The Petitioner further stated the importance of the requested information. The Petitioner requested investigator Hippolyte to fulfill the FOIL request according to the Law.

Lastly the Petitioner requested if denied, wanted the information to whom he should appeal to.

(12) The Petitioner received a letter dated 2/15/07, (see Exhibit F) which acknowledged receiving the Petitioner's letter (2nd FOIL request and marked herein as Exhibit B) dated 1/12/07. This was a replica Respondent's response to FOIL request of 1/23/07 with the exception of the "File #," "Your file #," the previously stated dates and the following anticipated date of 6/15/07 for determination.

(13) The Petitioner received another letter dated 3/5/07, (see Exhibit G) which acknowledged receiving the Petitioner's letter dated 1/30/07. The Petitioner has no recollection of any letter or FOIL request dated 1/30/07, nor does the Petitioner have in his possession any communication with the date 1/30/07. The closest of any of the Petitioner's communications to 1/30/07 is January 28, 2007, (see Exhibit D). This was a replica FOIL response letter from the Respondent's previously written dated: 1/23/07, 2/15/07, with the exception of the "File #," "Your File #," and the anticipated date of 7/5/07 for determination.

(14) On March 26, 2007 (see Exhibit H) the Petitioner wrote an appeal of the **Constructive Denial** of the FOIL request dated January 4, 2006 (which should read 2007) to the Record Access Appeals Officer of the FOIL Appeals Unit. The Petitioner in the appeal mentioned several different allegations: stated what was requested; the amended § 89(3) of ("POL")/reasonable time frame and still have not received documents; then requested as an appeal right for the Record Access Appeal Officer to FOIL Officer to respond to the Petitioner immediately.

(15) After the FOIL Officer, Respondent did not respond on or thereafter, to his own statement, which stated in part ..."that a determination will be reached on 5/9/07." ("POL") § 89(4)(a) "Failure by an agency to conform to the provisions of subdivision three of this section shall constitute a denial." On June 2, 2007 (see Exhibit I) the Petitioner's appeal was written to Record Access Appeals Officer, which was not acknowledged nor responded to by Record Access Apeal Officer.

## FIRST CAUSE OF ACTION

(16) The Petitioner repeats, re-alleges and incorporates into these causes of action all allegations set forth in paragraphs "1 through 15" Supra, and further alleges:

(17) The first FOIL request, which requested information pursuant to ("POL") § 84-89. It was dated January 4, 2007 (see Exhibit A) and was acknowledged as received by the FOIL Office on January 23, 2007 (see Exhibit D). This clearly violates ("POL") §89(3) ..."within five business days of the receipt of a written request for a record reasonably described, shall make such record available to the person requesting it, deny such request in writing or furnish a written acknowledgement of the receipt of such request and a statement of the approximate date when such request will be granted or denied, including where appropriate, a statement that access to the record will be determined in accordance with subdivision five of section...."

[Page 5 of 9]

98

This violation of the ("POL") § 89(3) denied Petitioner his Federal & State Constitutional rights to Due Process. (U.S.C.A. Amend. 14, & N.Y. State Const. Art I § 6). Even though the Respondent's January 23, 2007 letter stated in part:..."that your request will require more than twenty days. It is anticipated that a determination will be reached on 5/9/07."

(18) The Petitioner on March 26, 2007 (see Exhibit H) appealed to Record Access Appeal Officer pursuant to a Constructive Denial of his FOIL request (dated January 4, 2007, see Exhibit A) since a reasonable time frame had passed and none of requested documents were received. The Petitioner waited for a response to his appeal to the Record Access Appeal Officer pursuant to ("POL") § 89(4)(a) ..."who shall within ten business days of the receipt of such appeal fully explain in writing to the person requesting the record the reasons for further denial, or provide access to the record sought."

(19) Rather than the Petitioner bringing about further proceedings thereafter March 26, 2007 to Record Access Appeal Officer's Constructive Denial, the Petitioner hoped that the Respondents would have (acted in good faith) to his given anticipated determination date of 5/9/07 by at least informing Petitioner of the status of his request. Which they failed to fulfill or even respond at all to their given 5/9/07 anticipated date or anytime thereafter. This is in violation of ("POL") § 89(4)(a) "Failure by an agency to conform to the provisions of subdivision three of this section shall constitute a denial."

[Page 6 of 9]

(20) On June 2, 2007 the Petitioner appealed to the Record Access Appeal Officer, pursuant to the **Constructive Denial** by the FOIL Officer. The cause for the appeal was that the FOIL Officer did not make any determination on 5/9/07 or anytime thereafter. Also therein June 2, 2007 appeal to Record Access Appeal Officer which was the (2nd Appeal) by the Petitioner mentioned the prior appeal dated (March 26, 2007) that went unanswered again in violation of the ("POL") § 89(4)(a). This violation of the ("POL") violates the Petitioner's Federal & State Constitutional rights (U.S.C.A. Const. Amend. 14 & N.Y. State Const. Art I § 6).

(21) The Record Access Appeal Officer's second none compliance with ("POL") § 89(4)(a) (<u>appeal dated June 2, 2007</u>) exhausted all administrative remedies and pursuant to ("POL") § 89(4)(b) ..."<u>(a) of this subdivision may bring a proceeding for review of such denial pursuant to article seventy-eight of the Civil Practice Law and Rules.</u>"

(22) None of the information requested by the Petitioner, falls into any of the exemptions listed under ("POL") § 87(2). The Petitioner's request for the information would ..."<u>not enable him to use agency records to frustrate pending or threatened investigations nor to use that information to construct a defense to impede a Prosecution.</u>" Fink v. Lefkowitz 47 N.Y.2d 567 at 47 N.Y.2d 573. [<u>Due to the Petitioner has been found guilty of the charges, and no appeal pending, leaves no reason for not allowing disclosure.</u>] The Petitioner's request for the information about the N.Y.P.D. Firearm examiner was at most an effective request in exposing:

[Page 7 of 9]

possible negligence; the qualifications of testing firearm examiner; whether firearm examiners are recognized as such by N.Y.P.D.; the training courses an examiner had to take, to be considered a firearm examiner; if firearm test are being performed by actual qualified examiners; when a question is raised, is N.Y.P.D. able to substantiate who tested firearm & when the test was done; to show that the operability test are actually done on any voucher in question; also that the N.Y.P.D. are following guidelines when it comes to the certificatory for operability testing of the firearms that come into possession of the N.Y.P.D. firearm examiner officers. With that said the Petitioner's FOIL request is what "the legislature enacted FOIL for to provide the public with a means of access to governmental records in order to encourage public awareness and understanding of and participation in government and to discourage official secrecy" (Matter of Alderson v. New York State Coll. of Agric. & Life Sciences at Cornell Univ., 4 N.Y.3d 225, 230.

**WHEREFORE** the foregoing demonstrates that the Respondents violated ("POL") by not granting the Petitioner's FOIL request. The law is unambiguous and clearly supports the Petitioner's contentions that he is entitled to said requested documents. The Petitioner Prays that this Court grants the instant motion and cause the Respondents to furnish the requested documents to the Petitioner: or any other or alternative relief as deem just and proper.

Dated July 24, 2007                     *[signature]*

[Page 8 of 9]

101

Dated July 24, 2007

RESPECTFULLY SUBMITTED,

*Maurice Walker*
Maurice Walker
Pro Se

[Page 9 of 9]

Case 1:07-cv-05469-WHP   Document 38-6   Filed 04/03/2008   Page 10 of 19

102

```
  CCOAMINI              SUPREME COURT - STATE OF NEW YORK        DATE: 11/28/2007
INDEX NO: 112652 2007         NEW YORK COUNTY CLERK              TIME: 10:40:37
PURCHASE: 09192007         CIVIL INDEX MINUTE BOOK INQUIRY

PLAINTIFF NAME: ABAYEV EDWARD    DEFENDANT NAME: RUSSO JAMES
    ATTORNEY: UNKNOWN                ATTORNEY: UNKNOWN


SEQ  DATE                    MINUTES
0001 09192007                SUMMONS AND VERIFIED COMPLAINT


0001 10182007                AFFIDAVIT OF SERVICE



                        PAGE -  1
```

103

SUPREME COURT OF THE STATE OF NEW YORK  
COUNTY OF NEW YORK  
-----------------------------------------------------------------X  
EDWARD ABAYEV AND SAIDA ABAYEV,

                            Plaintiffs,  
-against-

JAMES RUSSO AND ROSS RUSSO PLUMBING,

                           Defendants.  
-----------------------------------------------------------------X

Index No.:  
Date Purchased:

SUMMONS 112652

Plaintiffs designate New York  
County as the place of trial.

The basis of venue is:  
Defendant's residence

Defendants reside at:  
7 Dey Street  
New York 10007

County of New York

FILED  
SEP 19 2007  
NEW YORK  
COUNTY CLERK'S OFFICE

To the above named Defendants:

     **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    BROOKLYN, NEW YORK  
            July 31, 2007

                                                _/s/ Michael Krigsfeld_____  
                                                KRIGSFELD & ASSOCIATES, P.C.  
                                                Attorneys for Plaintiff(s)  
                                                EDWARD ABAYEV AND SAIDA ABAYEV  
                                                2350 Ocean Avenue – Ste 2J  
                                                Brooklyn, New York 11229  
                                                (347) 702-4133

TO:   JAMES RUSSO                        ROSS RUSSO PLUMBING  
        431 Mountainview Avenue        7 Dey Street  
        Staten Island, New York 10374   New York, New York 10007

                                               1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
EDWARD ABAYEV AND SAIDA ABAYEV,

                          Plaintiffs,

-against-

JAMES RUSSO AND ROSS RUSSO PLUMBING,

                          Defendants.
-------------------------------------------------------------X

Index No.:

Date Purchased:

**VERIFIED COMPLAINT**

07112652

FILED
SEP 19 2007
COUNTY CLERK'S OFFICE
NEW YORK

Plaintiffs, by their attorneys, KRIGSFELD & ASSOCIATES, P.C., complaining of the Defendants, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF ESWARD ABAYEV

1. At all times herein mentioned, Plaintiffs were, and still are, residents of the County of Richmond, State of New York.

2. At all times herein mentioned, Defendant **ROSS RUSSO PLUMBING** was, and still is, a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. At all times herein mentioned, Defendant **ROSS RUSSO PLUMBING** was and still is a foreign corporation duly authorized to do business in the State of New York.

4. That at all times hereinafter mentioned, the Defendant **ROSS RUSSO PLUMBING** maintained a principal place of business in the County of New York, State of New York.

4. At all times herein mentioned, Defendant **JAMES RUSSO** was, and still is, a resident of the County of Richmond, State of New York.

2

5. At all times herein mentioned, Defendant **ROSS RUSSO PLUMBING** was the owner of a 1995 Ford motor vehicle bearing New York State registration number 96836JV.

6. At all times herein mentioned, Defendant **JAMES RUSSO** operated the aforementioned motor vehicle motor vehicle bearing New York State registration number 96836JV.

7. At all times herein mentioned, Defendant **JAMES RUSSO** operated the aforesaid motor vehicle with the knowledge of Defendant **ROSS RUSSO PLUMBING**.

8. At all times herein mentioned, Defendant **JAMES RUSSO** operated the aforesaid motor vehicle with the permission of Defendant **ROSS RUSSO PLUMBING**.

9. At all times herein mentioned, Defendant **JAMES RUSSO** operated the aforesaid motor vehicle with the consent of Defendant **ROSS RUSSO PLUMBING**.

10. At all times herein mentioned, Defendant **JAMES RUSSO** operated the aforesaid motor vehicle within the scope of his employment with Defendant **ROSS RUSSO PLUMBING**.

11. At all times herein mentioned, Defendant **ROSS RUSSO PLUMBING** managed the aforesaid motor vehicle bearing New York State registration number 96836JV.

12. At all times herein mentioned, Defendant **JAMES RUSSO** managed the aforesaid motor vehicle bearing New York State registration number 96836JV.

13. At all times herein mentioned, Defendant **ROSS RUSSO PLUMBING** maintained the aforesaid motor vehicle.

14. At all times herein mentioned, Defendant **JAMES RUSSO** maintained the aforesaid motor vehicle.

15. At all times herein mentioned, Defendant **ROSS RUSSO PLUMBING** controlled the aforesaid motor vehicle bearing New York State registration number 96836JV.

3

106

16. At all times herein mentioned, Defendant **JAMES RUSSO** controlled the aforesaid motor vehicle bearing New York State registration number 96836JV.

17. At all times herein mentioned, Plaintiff **EDWARD ABAYEV** was the operator of a 1995 Mitsubishi motor vehicle bearing New York State registration number AVX1343.

18. At all times herein mentioned, Clove Road at its intersection with Targee Street, City of Staten Island, State of New York, were public roadways, streets and/or thoroughfares.

19. That on January 7, 2006, Defendant **JAMES RUSSO** was operating the vehicle owned by **ROSS RUSSO PLUMBING** at the aforementioned location.

20. That on January 7, 2006, Plaintiff **EDWARD ABAYEV** was operating his motor vehicle at the aforementioned location.

21. That on January 7, 2006, at the aforementioned location, the motor vehicle owned by Defendant **ROSS RUSSO PLUMBING** and operated by Defendant **JAMES RUSSO** struck the motor vehicle operated by Plaintiff, **EDWARD ABAYEV**.

22. That as a result of the aforesaid contact, Plaintiff **EDWARD ABAYEV** was injured.

23. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

24. That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless, reckless and grossly negligent under the circumstances then and there prevailing.

25. That by reason of the foregoing, Plaintiff **EDWARD ABAYEV** sustained severe and

4

permanent personal injuries; and Plaintiff **EDWARD ABAYEV** was otherwise damaged.

26. That Plaintiff **EDWARD ABAYEV** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

27. That Plaintiff **EDWARD ABAYEV** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

28. That Plaintiff **EDWARD ABAYEV** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

29. That this action falls within one or more of the exceptions set forth in CPLR §1602.

30. That by reason of the foregoing, Plaintiff **EDWARD ABAYEV** has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF SAIDA ABAYEV

31. Plaintiff **SAIDA ABAYEV** repeats, reiterates and realleges each and every allegation contained in the First Cause of Action with the same force and effect as though set forth herein at length.

5

32. That at all times hereinafter mentioned, Plaintiff **SAIDA ABAYEV** was the spouse of the Plaintiff **EDWARD ABAYEV** and as such was entitled to the society, services and consortium of her spouse, **EDWARD ABAYEV**.

33. That by reason of the foregoing, Plaintiff **SAIDA ABAYEV** was deprived of the society, services and consortium of the Plaintiff **EDWARD ABAYEV** and shall forever be deprived of said society, services and consortium.

34. That by reason of the foregoing, Plaintiff **SAIDA ABAYEV** was damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated    BROOKLYN, NEW YORK
July 31, 2007

_(signature)_
KRIGSFELD & ASSOCIATES, P.C.
Attorneys for Plaintiff(s)
EDWARD ABAYEV AND SAIDA ABAYEV
2350 Ocean Avenue – Ste 2J
Brooklyn, New York 11229
(347) 702-4133

## ATTORNEY'S VERIFICATION

**MICHAEL KRIGSFELD**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at **KRIGSFELD & ASSOCIATES, P.C.**, attorneys of record for Plaintiff's, **EDWARD ABAYEV** and **SAIDA ABAYEV**. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

I make the foregoing affirmation because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:   New York, New York
         July 31, 2007

_____
MICHAEL KRIGSFELD

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

EDWARD ABAYEV AND SAIDA ABAYEV,

                              Plaintiffs,

-against-

JAMES RUSSO AND ROSS RUSSO PLUMBING,

                              Defendants.

---

**SUMMONS & VERIFIED COMPLAINT**

---

**KRIGSFELD & ASSOCIATES, P.C.**
*Attorneys for Plaintiff(s)*
**2350 Ocean Avenue – Ste 2J**
**Brooklyn, New York 11229**
**(347) 702-4133**

---

TO:

Attorney(s) for

---

*PLEASE TAKE NOTICE*
NOTICE OF ENTRY      that the within is a (certified) true copy of a
                              entered in the office of the Clerk of the within named Court on
[ ]                        200_ .

NOTICE OF SETTLEMENT that an Order which the within in a true copy will be presented to
                            the Hon.     , one of the judges of the within named Court,
[ ]                       at,     on     , 200_ at _M.

Dated:

                                                          KRIGSFELD & ASSOCIATES, P.C.
                                                          *Attorneys for the Plaintiff(s)*
                                                          *2350 Ocean Avenue – Ste 2J*
                                                          *Brooklyn, New York 11229*

TO:

111